EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico<br>    Recurrido<br><br>    v.<br><br>Félix Rivera Alicea<br>    Peticionario | Certiorari<br><br>2000 TSPR 40 |
| --- | --- |

Número del Caso: CC-1998-0611

Fecha: 09/03/2000

Tribunal de Circuito de Apelaciones: Circuito Regional I

Juez Ponente: Hon. Jeannette Ramos Buonomo

Abogados de la Parte Peticionaria: Lcdo. Rafael Humberto Marchand
                                    Lcdo. Paquito Rivera Rivera

Oficina del Procurador General:     Hon. Carlos Lugo Fiol
                                    Procurador General
                                    Lcda. Edda Serrano Blasini
                                    Subprocuradora General

Materia: Inf. Art. 3.2 Ley de Etica Gubernamental

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                       CC-98-611        CERTIORARI

Félix Rivera Alicea

    Acusado-Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Fuster Berlingeri.

San Juan, Puerto Rico, a 9 de marzo de 2000.

Tenemos la ocasión para expresarnos una vez más en torno al significado y alcance de los artículos 145 y 146 del Código Penal de Puerto Rico, 33 L.P.R.A. secs. 4186 y 4187, que prohíben respectivamente la grabación y divulgación no consentida de comunicaciones privadas personales.

I

Félix Rivera Alicea se había desempeñado como Director de Servicios Administrativos del Departamento de Justicia, un cargo de carrera, hasta que fue nombrado a un puesto de confianza como Secretario Auxiliar de Administración de dicho Departamento.

El 1 de abril de 1997, José Rivera Aponte fue designado nuevo Secretario Auxiliar de Administración del Departamento de Justicia, en sustitución de Rivera Alicea. Este fue reasignado a su antiguo cargo de carrera, que estaba sujeto a supervisión por el nuevo Secretario Auxiliar Rivera Aponte.

Meses más tarde, Rivera Aponte, quien se sentía insatisfecho con aspectos del desempeño laboral de Rivera Alicea, convocó a éste a una reunión para confrontarlo con varios asuntos relativos a su trabajo. La reunión se celebró en la mañana del 17 de junio de 1997, y en ella participó también Agnes Colón Vázquez, quien era Ayudante Especial del Secretario de Justicia, asignada al área de Servicios Generales. Mientras se llevó a cabo la reunión a puerta cerrada, Rivera Alicea tuvo en su poder una micrograbadora, la cual utilizó para grabar las conversaciones sostenidas por los participantes en dicha reunión, sin el consentimiento de Rivera Aponte o de Colón Vázquez.

Algunas horas después, en la tarde del 17 de junio de 1997, Rivera Alicea se reunió con una subalterna suya, María Crespo Rivera, Supervisora del Area de Compras del Departamento de Justicia, para informarle que Rivera Aponte iba a amonestarla por escrito por no haber cumplido ella con determinadas labores que le habían sido asignadas. Para evidenciarle lo anterior, Rivera Alicea le dejó escuchar parte de las conversaciones que había grabado durante la reunión de la mañana. Al día siguiente, Crespo Rivera le informó a Rivera Aponte que Rivera Alicea había grabado lo hablado en la reunión referida.

Por razón de los hechos expuestos antes, se presentaron denuncias contra Rivera Alicea por la supuesta infracción a los Artículos 145 y 146 del Código Penal, supra. Después de la determinación de causa probable para el arresto del imputado, se celebró la vista preliminar correspondiente, en la cual el foro de instancia determinó que no existía causa probable para acusar a Rivera Alicea por los delitos referidos. Entonces, el Ministerio Público solicitó una vista preliminar **en alzada**, la cual se celebró el 4 de noviembre de 1997.

Luego de varios eventos procesales, el tribunal de instancia en alzada reiteró por escrito que no existía causa probable para acusar a Rivera Alicea por los cargos en cuestión. Resolvió lo siguiente:

> "De los hechos ante nos claramente se desprende que no existía expectativa de intimidad alguna. No solamente había gran hostilidad entre las partes, sino que el acusado venía obligado a exponer a sus subalternos la situación discutida con su jefe para intentar mejorar el rendimiento y condiciones de trabajo. Añádese además que el señor Rivera Aponte requirió la presencia de otra funcionaria en la reunión. Es obvio que su intención no fue la de sostener una conversación privada y confidencial con el acusado ni con la señora Vázquez, como tampoco ésta con ellos.
>
> A base de lo anterior, determinamos que no existe causa probable para la presentación de los cargos."

El Procurador General acudió entonces ante el Tribunal de Circuito de Apelaciones y alegó que el foro de instancia había cometido un error de derecho al determinar en alzada que no había causa probable contra el imputado. El foro apelativo dictó sentencia el 29 de mayo de 1998 y revocó la decisión del foro de instancia. Determinó que existía causa probable para presentar una acusación contra Rivera Alicea por infracción a los Artículos 145 y 146 del Código Penal, supra.

Inconforme con el dictamen del foro apelativo, Rivera Alicea acudió ante nos oportunamente. Adujo que dicho foro había cometido los siguientes errores:

A. Erró el Honorable Tribunal de Circuito de Apelaciones al determinar que el Honorable Tribunal Superior, Sala de San Juan (1108) se equivocó al aplicar el derecho vigente a los hechos de este caso y por lo tanto su determinación de "no causa probable en alzada" está alegadamente fundamentada en un "error de derecho" y no en la evaluación de la prueba o adjudicación de credibilidad.

B. Cometió error el Honorable Tribunal de Circuito de Apelaciones al aplicar el Artículo 145 y 146 del Código Penal en la situación de hechos del presente caso y al así hacerlo declarar causa probable contra el acusado, contrario a la jurisprudencia, Pueblo v. León Martínez, supra.

El 6 de noviembre de 1998, expedimos el recurso de certiorari solicitado por Rivera Alicea, a fin de revisar la sentencia en cuestión del foro apelativo. El peticionario presentó su alegato el 10 de mayo

de 1999;  y el Procurador General compareció el 14 de mayo de ese año. Con el beneficio de los criterios de ambas partes, pasamos a resolver.

II

Como se sabe, una determinación judicial sobre la ausencia de causa probable para acusar, tomada en una vista preliminar en alzada, de ordinario no es revisable por el foro apelativo.  Si la determinación del foro de instancia constituyó una adjudicación en los méritos sobre la existencia o ausencia de causa probable, dicha determinación no es revisable.  No obstante, cualquier otra determinación de derecho en el procedimiento en alzada sí puede ser revisada mediante el recurso de certiorari.  Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984);  Pueblo v. Tribunal Superior, 95 D.P.R. 412 (1967).  Véase, además, E.L. Chiesa, Derecho Procesal Penal de Puerto Rico, Vol. III, (1993), pág. 106.

Al amparo de la normativa reseñada antes, el Procurador General adujo que en el caso de autos, la determinación de ausencia de causa probable en alzada no resultó de una adjudicación en los méritos sino de un error de derecho que alegadamente el foro de instancia cometió. El foro apelativo acogió este planteamiento y resolvió que el foro de instancia había errado al interpretar el derecho aplicable a los hechos del caso de autos.  Concretamente, el Tribunal de Circuito de Apelaciones dictaminó que el tribunal a quo había errado al interpretar qué constituye jurídicamente una "comunicación privada personal" para los fines de lo dispuesto en los Arts. 145 y 146 del Código Penal. Expuso dicho foro que conforme a los hechos del caso, Rivera Aponte y Rivera Alicea sí habían participado en una "reunión privada";  que lo discutido por los partícipes en la reunión "era un asunto privado y confidencial";  y que tanto Rivera Aponte como Colón Vázquez tenían una "expectativa razonable de que la conversación que sostuvieron con Rivera Alicea no sería grabada, ni divulgada."  Concluyó el foro apelativo que el tribunal de instancia había cometido un error de

derecho al resolver que Rivera Aponte no había sostenido una reunión privada con el imputado y que no existía expectativa de intimidad alguna sobre lo conversado en la reunión en cuestión.

Véamos si el foro apelativo resolvió correctamente.

III

En Pueblo v. De León Martínez, 132 D.P.R. 746 (1993) interpretamos por primera vez el significado y alcance del Art. 145 del Código Penal, supra. En el contexto de una reunión a puerta cerrada, celebrada por el jefe de un departamento académico y otros dos profesores universitarios a fin de evaluar el desempeño laboral de un colega, resolvimos que los asuntos discutidos en esa reunión no eran "personales privados", debido a que no trataban sobre cuestiones entrañables o íntimas de ninguno de los participantes. Indicamos que los asuntos discutidos en dicha reunión, **por ser análogos a los que se tratan en una evaluación del personal de servicio público**, por su propia naturaleza no podían considerarse "privados" o "íntimos", cuya dilucidación debía hacerse secretamente. Resolvimos, además, que en tal reunión el único que acaso podía tener una expectativa de intimidad era el evaluado. Por todo lo anterior, concluimos que la grabación que el evaluado hizo de las conversaciones sostenidas durante la reunión referida no constituía la conducta delictiva proscrita por el Art. 145 del Código Penal porque las conversaciones en cuestión no podían ser consideradas como una "comunicación privada personal."

No se requiere hacer un análisis enjundioso de la situación del caso de autos para percatarse que ésta no es esencialmente distinta de la de Pueblo v. De León Martínez, supra. En ninguno de los dos casos los temas y asuntos discutidos en las respectivas reuniones trataban sobre la vida privada o familiar de los que participaron en dichas reuniones. No estaba involucrada la intimidad de ninguno de éstos. No se dilucidaban cuestiones entrañables de los partícipes. Por el contrario, en ambos casos lo conversado en la reunión era relativo a

asuntos propios para discutirse abiertamente porque sólo tenían que ver con el desempeño laboral del imputado. Dichos asuntos de ordinario no tratan con conducta furtiva o clandestina sino con comportamientos en el ejercicio de un cargo cuyas funciones y tareas están reglamentadas en documentos públicos u oficiales y cuyo desempeño se hace a la luz del día y no subrepticiamente.

La reunión en Pueblo v. De León Martínez, supra, se celebró para conducir una evaluación del trabajo del imputado. En el caso de autos, la reunión tenía igualmente el propósito de evaluar el trabajo de Rivera Alicea. El jefe inmediato de éste que convocó la reunión era su supervisor, a quien le correspondía fiscalizar el desempeño laboral de Rivera Alicea. Tal labor de supervisión o fiscalización apareja inevitablemente la evaluación del trabajo realizado por éste. En efecto, de la transcripción del testimonio del propio Rivera Aponte en la vista preliminar surge claramente que dicho funcionario citó a Rivera Alicea a la reunión en cuestión para "discutir la actitud de éste sobre ciertas asignaciones [de trabajo]" que Rivera Aponte le había hecho, lo que incluía abordar la "falta de iniciativa [de Rivera Alicea] en resolver situaciones dentro de su división", y dejarle saber que "no estaba contento con la labor que él estaba realizando". En la reunión Rivera Aponte exploró, además, medidas que podían tomarse para que la división de Rivera Alicea mejorara su rendimiento laboral.

Como puede observarse, pues, los asuntos y temas discutidos en la reunión del caso de autos eran esencialmente iguales a los de la reunión en Pueblo v. De León Martínez, supra. Se trataba en ambos casos de temas y asuntos oficiales, no de cuestiones privadas o íntimas. Desde el punto de vista jurídico, la naturaleza de la situación de hechos medulares en ambos casos no es fundamentalmente distinguible. Igual que los evaluadores en Pueblo v. De León Martínez, supra, Rivera Aponte--y Colón Vázquez quien participó en la reunión en apoyo de éste-- no tenían ninguna expectativa razonable de intimidad respecto a los asuntos y cuestiones que le plantearon a Rivera Alicea y

discutieron con éste en la reunión que nos concierne aquí. Tales asuntos y cuestiones tenían que ver únicamente con la adecuacidad del trabajo realizado por Rivera Alicea en su cargo público, y de ninguna forma comprometían o vulneraban la intimidad de las dos personas que cuestionaron su desempeño laboral. Incluso el propio Rivera Aponte admitió al declarar en la vista preliminar en alzada que le extrañó que Rivera Alicea no estuviese tomando notas sobre lo conversado en la reunión, como había sucedido en otras reuniones previas.

Es menester aclarar que puede haber otros tipos de reuniones de funcionarios gubernamentales, distintas de la que aquí nos concierne concretamente, en las cuales se discutan asuntos sensitivos que deban gozar de confidencialidad, y en las cuales sería improcedente que alguno de los partícipes en dichas reuniones pretenda grabar lo conversado. Pero, la secretividad de tales reuniones, **no surge del derecho a la intimidad**, que es lo que nos atañe en el caso de autos. Aquí no expresamos juicio alguno sobre otros fundamentos jurídicos que en situaciones apropiadas requieran proteger la confidencialidad de determinadas conversaciones. Ello es una materia diferente a la del caso de autos, que tiene que ver únicamente con lo dispuesto en los Artículos 145 y 146 del Código Penal, supra, que existen sólo para proteger la intimidad de los que participan en comunicaciones que auténticamente sean "privadas o personales", y que debemos interpretar y aplicar de modo restricto, según lo requiere el principio de legalidad. Pacheco v. Vargas, Alcaide, 120 D.P.R. 404 (1988); Pueblo v. Ríos Nogueras, 114 D.P.R. 256 (1983); Pueblo v. Uriel Alvarez, 112 D.P.R. 312 (1982).

Por todo lo anterior, resolvemos que erró el Tribunal de Circuito de Apelaciones al intervenir con el dictamen del foro de instancia en la vista preliminar en alzada del caso de autos. El foro a quo había interpretado y aplicado correctamente el derecho pertinente, por lo que no había fundamento que justificase la revisión por el foro apelativo

de su determinación de que no había causa probable para acusar al imputado por infracción a los Arts. 145 y 146 del Código Penal, <u>supra</u>.

Se dictará sentencia para dejar sin efecto la del foro apelativo, y para reinstalar la determinación del foro de instancia en alzada.


                              Jaime B. Fuster Berlingeri
                                    Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                    CC-98-611       CERTIORARI

Félix Rivera Alicea

    Acusado-Peticionario

SENTENCIA

San Juan, Puerto Rico, a 9 de marzo de 2000.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente sentencia, se deja sin efecto la del foro apelativo, y se reinstala la determinación del foro de instancia en alzada.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López emitió opinión disidente a la cual se une el Juez Asociado señor Negrón García. El Juez Presidente señor Andréu Garcá no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo

El Pueblo de Puerto Rico

    Recurrido

       v.                                         CC-98-611

                            CERTIORARI

Félix Rivera Alicea

    Acusado-peticionario

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ A LA CUAL SE UNE EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA

San Juan, Puerto Rico, a 9 de marzo de 2000

No podemos suscribir la Opinión que en el presente caso emite una mayoría de los integrantes del Tribunal. Al así actuar no pasamos, ni expresamos, juicio u opinión alguna sobre si la conversación que sostuvieron, el día 17 de junio de 1997 en el Departamento de Justicia de Puerto Rico, el Secretario Auxiliar de Administración del referido Departamento con el peticionario Félix Rivera Alicea --en la cual reunión también estuvo presente otra persona-- es, o no, una "conversación privada personal" a los fines de lo dispuesto por los Artículos 145 y 146 del vigente Código Penal de Puerto Rico, 33 L.P.R.A. Secs. 4186 y 4187.

Así actuamos ya que, a nuestro juicio, resulta <u>totalmente innecesario</u> hacerlo. Ello en vista del hecho de que somos del criterio que, dados los hechos particulares del caso, <u>ni</u> este Tribunal, <u>ni</u> el Tribunal de Circuito de Apelaciones, tienen facultad --si se quiere, jurisdicción-- para revisar la determinación de <u>inexistencia</u> de causa probable para acusar que hiciera un Juez Superior de la Sala de San Juan del Tribunal de Primera Instancia en una "vista preliminar en alzada", celebrada la misma al amparo de las disposiciones de la Regla 24(c) de las vigentes Reglas de Procedimiento Criminal.[1]

I

Desde hace más de tres (3) décadas --en <u>Pueblo</u> v. <u>Tribunal Superior</u>, 95 D.P.R. 412 (1967)-- este Tribunal estableció que la determinación de inexistencia de causa probable para acusar, realizada por un magistrado del Tribunal Superior en una "vista preliminar en alzada", <u>no</u> era revisable, vía certiorari, ante este Tribunal; lo cual, <u>naturalmente</u>, implica que, hoy día, tampoco es revisable dicha determinación, vía certiorari, ante el Tribunal de Circuito de Apelaciones.

El <u>fundamento jurídico</u> para dicha norma jurisprudencial es extremadamente sencillo y correcto: cuando un juez del Tribunal de Primera Instancia interviene en un procedimiento de vista preliminar --tanto en la vista original como en la vista en alzada-- éste magistrado actúa en su <u>capacidad individual</u> en el ejercicio de sus funciones y facultad para determinar la existencia, o inexistencia, de causa probable para acusar; dicho de otra forma, dicho juez <u>no</u> actúa como un

---

[1] Establece el Inciso (c) de la Regla 24 de Procedimiento Criminal que:

> "(c) Efectos de la determinación de no haber causa probable. Si luego de la vista preliminar, en los casos en que corresponda celebrar la misma, el magistrado hiciere una determinación de que no existe causa probable, el fiscal no podrá presentar acusación alguna. En tal caso o cuando la determinación fuere la de que existe causa por un delito inferior al imputado, el fiscal podrá someter el asunto de

"tribunal". Ello tiene la consecuencia jurídica inescapable de que no procede la radicación, o expedición, de un auto de certiorari con el propósito de revisar dicha determinación de inexistencia de causa probable; ello en vista del hecho de que el auto de certiorari se expide, por un tribunal de jerarquía superior, para revisar los procedimientos acaecidos ante un tribunal de categoría inferior. Pueblo v. Tribunal Superior, ante, a la página 413.

Con el pasar de los años este Tribunal, aun cuando continuó ratificando, una y otra vez, la referida norma   --esto es, de que la determinación de no causa probable, realizada por un Juez Superior, en una vista preliminar en alzada celebrada bajo la Regla 24(c) no es revisable-- se "olvidó" del fundamento jurídico que sostiene dicha norma, a saber: que no procede la expedición de un auto de certiorari para revisar la actuación de un juez que propiamente no actúa, en esos momentos, "como un tribunal".

En Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984), este Tribunal expresó que:

> "La determinación en los méritos del Juez Superior sobre
> la existencia de causa probable no es revisable. Pueblo v.
> Tribunal Superior, 95 D.P.R. 412 413 (1967). No obstante,
> cualquier otra determinación de derecho sí puede ser revisada
> mediante el recurso de certiorari. (Enfasis suplido.)

Como podemos notar, el Tribunal estableció --por fiat judicial-- una fundamental diferencia, con consecuencias jurídicas abismalmente distintas, entre la determinación de inexistencia de causa probable "en los méritos" y la determinación de no causa basada en una cuestión "de derecho". Conforme resolvió el Tribunal en Cruz Justiniano, ante, la primera de ellas no es revisable ante el tribunal apelativo mientras que la segunda sí lo es, vía certiorari. El Tribunal, aun cuando en

---

nuevo con la misma o con otra prueba a un magistrado de categoría superior del Tribunal de Primera Instancia."

<u>Pueblo</u> v. <u>Cruz Justiniano</u>, ante, cita en apoyo de su decisión el caso de <u>Pueblo</u> v. <u>Tribunal Superior</u>, ante, conveniente y equivocadamente se olvidó, o echó a un lado, el fundamento jurídico que en este último caso <u>correctamente</u> se adujo en apoyo del establecimiento de la referida norma jurisprudencial.

¿Qué quiso decir, a qué situación se refería, este Tribunal al establecer esta <u>diferencia</u> en el caso de <u>Pueblo</u> v. <u>Cruz Justiniano</u>, ante? Solo Dios lo sabe[2]. <u>Sí sabemos que el Tribunal definitivamente no podía referirse a la situación a la que hoy nos enfrentamos en el presente caso y a la cual, a nuestro juicio erróneamente, una mayoría de los integrantes del Tribunal le aplica la "diferencia" en el tratamiento que se estableciera en Pueblo v. Cruz Justiniano, ante</u>.

Aun cuando somos de la opinión que el correcto camino a seguir sería el de dejar sin efecto la diferencia establecida, haciendo un esfuerzo, esto es, tratando de armonizar los dos casos antes mencionados, somos del criterio que el Tribunal, en <u>Pueblo</u> v. <u>Cruz Justiniano</u>, ante, podría estar refiriéndose a situaciones en que la determinación de inexistencia de causa está basada en una <u>estricta y exclusiva</u> cuestión de derecho que, para su aplicación, <u>no depende de ninguna manera, ni tiene ninguna relación, con los hechos que configuran, o no, el delito imputado</u>, esto es, con los <u>elementos</u> del delito. Nos explicamos.

Puede darse la situación, entre otras, en que el juez que interviene en la vista preliminar en alzada determina inexistencia de causa por razón de entender que el delito --digamos de mutilación-- está prescrito. Esa es una determinación estrictamente de derecho que, aun cuando toma en consideración, necesariamente, la fecha en que alegadamente se cometió el delito, y la fecha en que se radicó la

---

[2] El Juez suscribiente "no intervino" en <u>Pueblo</u> v. <u>Cruz Justiniano</u>, ante. De hecho, y con la excepción del compañero Juez Antonio Negrón García, ninguno de los actuales integrantes del Tribunal participó en dicho caso.

denuncia, no dilucida, de ninguna manera, los hechos que configuran, o no, el delito propiamente, esto es, los elementos en sí del delito.

Ahora bien, una determinación de inexistencia de causa y/o de existencia de causa probable por un delito menor incluido por razón, digamos, de que la herida no es de carácter mutilante, no puede ser revisada ante el tribunal apelativo; ello aun cuando la misma es una determinación mixta de hecho y de derecho. Lo mismo sucederá en cuanto a si, en un caso en particular, el delito cometido es uno de asesinato en primer grado, en segundo grado o de homicidio voluntario. En todas estas situaciones, la determinación de derecho necesariamente se hace por el juez a la luz de, y tomando en consideración, la prueba desfilada.

Ese, precisamente, es el obstáculo insalvable al que se confronta la Opinión mayoritaria emitida en el presente caso. La determinación de si la conversación que sostuviera el aquí peticionario con su supervisor es, o no, una conversación privada personal necesariamente se hizo por el juez instructor a la luz de, y tomando en consideración, los hechos particulares del caso que desfilaron ante él.

En otras palabras, y dicho de manera más sencilla, aun bajo la decisión emitida en Pueblo v. Cruz Justiniano, ante, la determinación de inexistencia de causa probable para acusar que se hizo en el presente caso es una no revisable por cuanto la misma es una determinación en los méritos; esto es, no una en la cual lo que está envuelto es una cuestión estricta y exclusiva de derecho.

Es por ello que disentimos.


FRANCISCO REBOLLO LOPEZ

Juez Asociado