El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
Este recurso nos presenta la oportunidad de reexaminar nuestra normativa sobre la utilización del recurso extraordinario de certiorari para revisar una determinación de causa probable para arrestar o para acusar. En específico, debemos determinar si la utilización del recurso de certiorari en sustitución de la vista en alzada para *915 determinar causa probable para arrestar o acusar desvirtúa las características de este vehículo de revisión. Debido a la naturaleza limitada del recurso de certiorari, resolve-mos que el Ministerio Público tiene que agotar el remedio procesal de la vista en alzada que proveen las Reglas 6(c) y 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, antes de utilizar el mecanismo de certiorari para revisar una determinación adversa de causa probable para arrestar o acusar.
En el caso ante nuestra consideración, el Ministerio Público tenía disponible la vista preliminar en alzada para procurar una determinación de causa probable. Sin embargo, decidió revisar la decisión de la vista original mediante el recurso extraordinario de certiorari. Ante este proceder, no tenemos la menor duda de que es necesario afinar nuestra normativa sobre este tipo de recurso y conformarla a lo antes expresado.
I
Por hechos ocurridos el 11 de agosto de 2007, el Ministerio Público presentó unas denuncias contra el oficial de la Policía de Puerto Rico, Javier Pagán Cruz, por el delito de asesinato en primer grado, así como contra los oficiales policíacos Carlos Sustache Sustache y Zulma Díaz De León, estos últimos por el delito de asesinato en primer grado en la modalidad de cooperadores.
El 11 de agosto de 2007, estos oficiales intervinieron en la celebración de un quinceañero en el municipio de Humacao. Como parte de los actos de celebración, el Sr. Miguel Cáceres Cruz realizaba unas gestiones dirigidas a asegurar el tránsito vehicular en el área. Como parte de la posterior intervención de los agentes del orden público, se suscitaron una serie de actos que culminaron con la muerte del señor Cáceres Cruz. El Ministerio Público inició una investigación sobre los hechos acaecidos. Ésta con *916 dujo a la presentación de denuncias contra los tres agentes de la Policía.
El Tribunal de Primera Instancia, Sala de Humacao, encontró causa probable para arresto contra el oficial Pagán Cruz por el delito de asesinato en primer grado y contra la oficial Díaz De León por el delito de asesinato en primer grado en calidad de cooperadora. En la vista preliminar, el Tribunal de Primera Instancia no encontró causa probable para acusar a la oficial Díaz De León.
Por otra parte, el foro primario no encontró causa probable para arresto contra el oficial Sustache Sustache. Ante esto, el Ministerio Público solicitó una vista en alzada al amparo de la Regla 6(c), supra. Esta vista se celebró el 28 de agosto de 2007. En la vista en alzada, el Tribunal de Primera Instancia reiteró que no había causa probable para arrestar al oficial Sustache Sustache. Entonces, el 27 de septiembre de 2007, el Ministerio Público presentó ante el Tribunal de Apelaciones un recurso de certiorari sobre la determinación de no causa probable para arresto en alzada contra el oficial Sustache Sustache.
En el caso de la oficial Díaz De León, el Ministerio Público solicitó al foro primario la celebración de una vista preliminar en alzada, la cual fue señalada para el 9 de octubre de 2007. Sin embargo, el 5 de octubre de 2007, esto es, cuatro días antes de la fecha señalada para efectuar la vista preliminar en alzada, el Ministerio Público presentó un recurso de certiorari sobre la determinación de no causa probable para acusar a la oficial Díaz De León.
El 8 de octubre de 2007, el foro apelativo intermedio acogió ambos recursos de certiorari y los consolidó. Posteriormente, el 29 de noviembre de 2007, el Tribunal de Apelaciones revocó las determinaciones de no causa probable para arrestar y acusar a los oficiales. En su sentencia, el foro apelativo intermedio concluyó que había causa probable para arrestar al oficial Sustache Sustache y para acusar a la oficial Díaz De León por los delitos de asesinato en primer grado y agresión, ambos en la modalidad de cooperadores, así como por el delito de encubrimiento.
*917 Insatisfechos con esta determinación, los oficiales Sustache Sustache y Díaz De León nos solicitaron por separado la revisión de la sentencia emitida por el Tribunal de Apelaciones. En este recurso, emitimos una orden el 18 de abril de 2008 para que el Ministerio Público mostrara causa por la cual no se debía expedir el auto y revocar la sentencia del Tribunal de Apelaciones. En lo pertinente, la peticionaria Díaz De León plantea que el tribunal no tiene jurisdicción para revisar la determinación de no causa probable para acusar.
En el recurso número CC-2007-1181, el peticionario Sustache Sustache esgrimió similares señalamientos en cuanto a la determinación de no causa probable para arrestar. En Pueblo v. Sustache Sustache, 176 D.P.R. 250 (2009), confirmamos las determinaciones de causa probable para arresto contra el oficial Sustache Susatache en cuanto a los delitos de agresión y asesinato en primer grado en la modalidad de cooperador, pero revocamos la determinación de causa probable por el delito de encubrimiento por haberse hecho ésta en la etapa apelativa.
Debidamente sometidos los escritos de las partes, procedemos a resolver la controversia planteada en el caso contra la oficial Díaz De León.
II
A. El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, hoy conocido como Ley de Recursos Extraordinarios, 32 L.RR.A. see. 3491. El recurso tiene su origen en el derecho común (common law) británico. Desde sus inicios, la Corte del Rey (.King’s Bench) limitó el recurso a asuntos de gravedad y gran importancia. E.C. Surrency, History of the Federal Courts, Nueva York, Oceana Publications, 1987, pág. 246.
*918 De Inglaterra se incorporó a las colonias americanas donde siguió un curso similar a la figura británica. Era también el remedio extraordinario y discrecional por el cual se traía a la atención del tribunal apelativo para determinar, de la faz del expediente, si el tribunal de instancia se había excedido en el ejercicio de su jurisdicción o no había actuado conforme a los procedimientos de la ley. D. Rivé Rivera, Recursos Extraordinarios, 2da ed. rev., San Juan, Programa de Educación Jurídica Continua de la Facultad de Derecho de la Universidad Interamericana de Puerto Rico, 1996, pág. 201.
Esta figura llegó a enriquecer el Derecho puertorriqueño mediante la ley para autorizar autos de certiorari de 10 de marzo de 1904, con la misma rigidez que le caracterizaba en Estados Unidos. Id. Para ese entonces, el auto concedía un derecho de revisión limitado a determinar la falta de jurisdicción del tribunal recurrido o a los errores de procedimiento. Fernández v. La Corte de Distrito, 6 D.P.R. 202 (1904). Esa fue la regla hasta que en Pérez v. Tribunal de Distrito, 69 D.P.R. 4 (1948), resolvimos que el certiorari procede “para revisar errores cometidos por las cortes inferiores no importa la naturaleza del error imputado”. Id., pág. 19. En general, véanse, H.A. Sánchez Martínez, Práctica jurídica de Puerto Rico: derecho procesal apelativo, San Juan, Ed. Lexis-Nexis, 2001, See. 1801, págs. 385, 386 y ss.; A.R. Calderón, Jr. y D. Rivé Rivera, Procedimientos Apelativos Civiles, San Juan, Ed. Colegio de Abogados, 1978, pág. 103.
Esa amplitud del recurso moderno de certiorari en esta jurisdicción no significa, empero, que el auto sea equivalente a una apelación. El certiorari sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. Pérez v. Tribunal de Distrito, supra. Este procede “cuando no existe un recurso de apelación o cualquier otro recurso ordinario que proteja eficaz y rápidamente los derechos del peticionario”. Pueblo v. Tribl. Superior, 81 D.P.R. 763, 771 (1960). Este recurso, por ser extraordinario, debe limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error señalado.
*919 Así pues, en Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984), resolvimos que aunque la determinación en los méritos en una vista preliminar en alzada sobre la existencia de causa probable para acusar no es revisable, cualquier otra determinación de derecho sí lo es mediante la expedición de un auto de certiorari. No existe otro remedio legal disponible. Véanse, además: Pueblo en interés menor K.J.S.R., 172 D.P.R. 490 (2007); Pueblo v. Rivera Alicea, 150 D.P.R. 495 (2000). La misma norma aplica a las determinaciones de causa probable para arresto al amparo de la Regla 6 de Procedimiento Criminal, supra. Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999). Lo contrario habría dejado sin remedio al Pueblo para encausar a un imputado en muchos casos, no por falta de causa probable, sino por una interpretación equivocada del derecho aplicable.
La vista inicial o en alzada para determinar causa probable para arrestar o para acusar provee al fiscal la oportunidad de presentar toda la evidencia que tenga para establecer la probabilidad de que la persona imputada cometió el delito por el cual está siendo encausada o cualquier otro que surja de la prueba. Pueblo v. Rivera Martell, 173 D.P.R. 601 (2008); Pueblo v. North Caribbean, 162 D.P.R. 374 (2004). En cambio, el certiorari está limitado exclusivamente a revisar en el expediente si el Tribunal de Primera Instancia cometió un error de derecho al determinar causa o la ausencia de ésta. Pueblo en interés menor K.J.S.R., supra; Pueblo v. Rivera Alicea, supra; Pueblo v. Aponte, 167 D.P.R. 578 (2006); Pueblo v. Colón Mendoza, supra. La vista en alzada no es una revisión judicial ni una apelación de la vista inicial. Pueblo v. Cruz Justiniano, supra, pág. 30; Pueblo v. Tribunal Superior, 96 D.P.R. 237 (1968). Por el contrario, el certiorari sí es una revisión judicial limitada y no una segunda vista de novo en alzada.
Estas características enmarcan las importantes y diferentes funciones de ambos recursos que nos llevan al punto al que hoy arribamos. Atender un caso mediante el mecanismo de certiorari extraordinario antes de agotar los re *920 medios que proveen las Reglas de Procedimiento Criminal y sin contar con razones de gran peso, no es cónsono con las características del recurso.
B. Contra la peticionaria Díaz De León se encontró causa en la vista basada en la Regla 6 de Procedimiento Criminal, supra, pero en la vista preliminar no se encontró causa probable para acusar por el delito de asesinato en primer grado. Ante esta situación, el Ministerio Público tenía disponible la vista en alzada que provee la Regla 24(c) de Procedimiento Criminal, supra. Conforme a la regla, la Fiscalía solicitó que se celebrara una vista preliminar en alzada para acusar a Díaz De León. Esa vista fue señalada para el 9 de octubre de 2007. No obstante, el 5 de octubre de 2007, cuatro días antes de la fecha señalada para la vista preliminar en alzada, el Ministerio Público decidió acudir al Tribunal de Apelaciones mediante un certiorari. No hay explicación en el expediente de la razón que motivó al Ministerio Público a abandonar el procedimiento de la vista preliminar en alzada que la misma Fiscalía inició.
El 8 de octubre de 2007, un día antes que la fecha señalada para la vista preliminar en alzada, el Tribunal de Apelaciones (Hons. Brau Ramírez, Cortés Trigo y García García, Jueces) consolidó ambos recursos de certiorari y emitió una orden para que los recurridos mostraran causa por la cual no se debía expedir el auto y revocar al Tribunal de Primera Instancia. El 29 de noviembre de 2007, el Tribunal de Apelaciones (Hon. Brau Ramírez, Juez ponente) emitió sentencia en esos términos.
En el pasado, este Tribunal ha permitido al Ministerio Público recurrir mediante un certiorari en lugar de acudir a una vista preliminar en alzada o a una vista de causa para arresto en alzada. Pueblo v. Aponte, supra; Pueblo v. Colón Mendoza, supra. Esta norma no es consecuente con el principio básico de que el certiorari no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria, que aquí era el Ministerio Público. Pueblo v. Tribunal Superior, supra.
*921 En el caso de la acusada peticionaria Díaz De León, no tenemos duda de que la vista en alzada le pudo proveer al fiscal en un día el remedio que tardó 55 días en obtener en el Tribunal de Apelaciones. El mecanismo provisto en la Regla 24(c) de Procedimiento Criminal, supra, ofrecía al fiscal un vehículo procesal eficiente para exponer su contención. Por lo tanto, nos resulta claro que en esta etapa de los procedimientos el recurso extraordinario de certiorari no es el único remedio en ley que tiene el Ministerio Público para lograr su fin, a saber, una determinación de causa probable para acusar.
En síntesis, la utilización del recurso de certiorari en estas circunstancias no es consecuente con el carácter ex-traordinario de esta figura procesal. Por ese fundamento, revocamos la vigencia como precedente de nuestras decisiones en Pueblo v. Aponte, supra, y Pueblo v. Colón Mendoza, supra, en la medida que permiten obviar la vista en alzada antes de acudir por certiorari al Tribunal de Apelaciones. Esas decisiones no son cónsonas con las de otros recursos donde se reconoció el derecho que asiste al Ministerio Público de utilizar el mecanismo procesal ex-traordinario del certiorari después de agotar el remedio de la vista en alzada. Pueblo en interés menor K.J.S.R., supra; Pueblo v. Rivera Alicea, supra; Pueblo v. Cruz Justiniano, supra.
Al así proceder, no obviamos que la doctrina del stare decisis establece que, como norma general, un tribunal debe seguir sus decisiones en casos posteriores. Esta doctrina está fundamentada en la necesidad de lograr estabilidad y certidumbre legal. “[S]in embargo esa doctrina no llega al extremo de declarar que la opinión de un tribunal tenga el alcance de un dogma que debe seguirse ciegamente aun cuando el tribunal se convenza posteriormente [de] que su decisión anterior es errónea.” Am. Railroad Co. v. Comisión Industrial, 61 D.P.R. 314, 326 (1943).
No debemos olvidar que “el propósito inspirador de la doctrina de stare decisis es lograr [la] estabilidad y certi *922 dumbre en la ley, mas nunca perpetuar errores”. Am. Railroad Co. v. Comisión Industrial, supra, pág. 326. Véase, además, Pueblo v. Pérez Pou, 175 D.P.R. 218 (2009), opinión disidente de la Juez Asociada Señora Rodríguez Rodríguez. Se permite así el desarrollo consistente de principios legales sin impedir la corrección de errores. Seminole Tribe of Fla. v. Florida, 517 U.S. 44 (1996). En fin, “[l]a doctrina de stare decisis es, por supuesto, ‘esencial para el respeto debido a los dictámenes del Tribunal y para la estabilidad del derecho’ pero no nos obliga a seguir una decisión anterior cuando su razonamiento ya no resiste un ‘análisis cuidadoso’ ”. (Traducción nuestra y cita omitida.) Arizona v. Gant, 173 L.Ed.2d 499 (2009) (“The doctrine of stare decisis is of course ‘essential to the respect accorded to the judgments of the Court and to the stability of the law,’ but it does not compel us to follow a past decision when its rationale no longer withstands ‘careful analysis’ ”).
Precisamente porque el proceso judicial para decidir es dinámico, existe el mecanismo para descartar un precedente con el objetivo de asegurar el funcionamiento adecuado del Derecho. E. Maltz, The Nature of Precedent, 66 N.C.L. Rev. 367 (1988). “Al revocar casos anteriores que son inconsistentes con la actitud predominante, el tribunal puede eliminar la confusión en el derecho.” (Traducción nuestra.) Id., pág. 383 (“By overrruling earlier cases inconsistent with this dominant approach, the court can eliminate confusion in the law”).
Por eso, para revocar una norma es preciso ponderar los factores siguientes: “(1) si la decisión anterior era claramente errónea; (2) si sus efectos sobre el resto del ordenamiento son adversos, y (3) si la cantidad de personas que confiaron en ésta es limitada.” Pueblo v. Camacho Delgado, 175 D.P.R. 1, 20 esc. 4 (2008).
Aclarado esto, resolvemos que bajo las circunstancias presentes en este recurso, el Ministerio Público abusó del mecanismo de certiorari, ya que tenía un remedio en ley *923 que no utilizó. Ese remedio —la vista preliminar en alzada— era superior al recurso de certiorari, pues le permitía al fiscal presentar toda la prueba a su haber en una vista de novo en lugar de depender de una revisión del expediente limitada a determinar si el tribunal instructor de causa cometió un error exclusivamente de derecho.
Nos resulta evidente la necesidad de vetar la práctica que avalaba la norma anterior, por su clara incompatibilidad con la esencia limitada del recurso extraordinario de certiorari. El Ministerio Público sigue teniendo la oportunidad de una vista en alzada y una revisión en certiorari del resultado de esa vista, limitada a un error de derecho. Esta decisión no afecta adversamente al Ministerio Público, pues siguen a su disposición los vehículos procesales para revisar una determinación de causa probable para arrestar o acusar. El Ministerio Público es quien tiene que seguir la norma aquí pautada, la cual no perjudica trascendentalmente su facultad para encausar personas por la comisión de delitos.
Así pues, en esta etapa de los procedimientos, es innecesario discutir si existe causa probable para acusar a la peticionaria Díaz De León. El Ministerio Público acudió a destiempo al Tribunal de Apelaciones, ya que todavía contaba con el mecanismo provisto en la Regla 24(c) de Procedimiento Criminal, supra.
Por lo tanto, procede devolver el caso al Tribunal de Primera Instancia, Sala de Humacao, para que se celebre la vista preliminar en alzada provista en nuestro ordenamiento jurídico y que el Ministerio Público solicitó oportunamente. Es al foro primario al que le corresponde determinar si hay causa probable para acusar a la peticionaria por algún delito.
III
Por los fundamentos señalados, se revoca la decisión del Tribunal de Apelaciones y se devuelve el caso de la peticionaria Zulma Díaz De León al Tribunal de Primera Instan *924 cia, Sala de Humacao, para la celebración de la vista preliminar en alzada que la Fiscalía solicitó oportunamente. Los procedimientos continuarán de forma compatible con lo aquí resuelto.
La Juez Asociada Señora Rodríguez Rodríguez concurrió y disintió con una opinión escrita. El Juez Presidente Señor Hernández Denton disintió con una opinión escrita, a la que seunió la Jueza Asociada Señora Fiol Matta.