EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | Certiorari |
|---|---|
| Recurrido | |
| v. | 2014 TSPR 76 |
| Samuel Encarnación Reyes | 191 DPR ____ |
| Peticionario | |

Número del Caso: CC-2013-393

Fecha: 20 de junio de 2014

Abogada de la Parte Peticionaria:

      Lcda. Wanda Tamara Castro Alemán

Oficina dela Procuradora General:

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Daphne M. Cordero Guilloty
      Procuradora General Auxiliar

Materia: Sentencia con Opinión de Conformidad

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

     v.

                CC-2013-0393

Samuel Encarnación Reyes

     Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 20 de junio de 2014.

El Tribunal de Apelaciones revocó una decisión interlocutoria del Tribunal de Primera Instancia y ordenó que se permita que el señor Jonathan Cruz Reyes testifique en la vista preliminar a efectuarse contra el peticionario, Samuel Encarnación Reyes.

En desacuerdo, el peticionario presentó una petición de certiorari ante este Tribunal. El 28 de junio de 2013, expedimos el auto solicitado. Con el beneficio de la comparecencia del peticionario y de la Procuradora General, resolvemos, siguiendo lo resuelto en Pueblo v. Díaz De León, 176 DPR 913 (2009), que el Tribunal de Apelaciones erró al expedir el auto de certiorari presentado por la Procuradora General y resolver en los méritos un incidente interlocutorio de la vista preliminar. Por consiguiente, revocamos el dictamen del Tribunal de Apelaciones y devolvemos el caso al Tribunal de Primera Instancia, Sala de Carolina, para la continuación de la vista preliminar.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal. El Juez Asociado señor

Martínez Torres emitió una Opinión de Conformidad a la cual se unió el Juez Asociado señor Feliberti Cintrón. La Jueza Presidenta señora Fiol Matta hace constar que "disiente de la Sentencia del Tribunal por las razones expuestas en la Opinión Disidente emitida por el Juez Presidente señor Hernández Denton en el caso Pueblo v. Díaz de León, 176 D.P.R. 913 (2009)". La Juez Asociada señora Rodríguez Rodríguez hace constar que "disiente por los fundamentos expuestos en su Opinión Disidente en Pueblo v. Díaz de León, 176 D.P.R. 913 (2009) (Rodríguez Rodríguez, J., Op. Disidente)".

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

     v.                CC-2013-0393

Samuel Encarnación Reyes

     Peticionario

Opinión de conformidad emitida por el Juez Asociado señor MARTÍNEZ TORRES a la cual se unió el Juez Asociado señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 20 de junio de 2014.

Este caso nos brinda la oportunidad de considerar si procede un recurso de certiorari para revisar una determinación interlocutoria emitida durante una vista preliminar. Escribo por separado para reafirmar y dejar claro que, de acuerdo a la norma de Pueblo v. Díaz De León, 176 DPR 913 (2009), el Ministerio Público tiene que agotar la vista preliminar en alzada antes de acudir vía certiorari al Tribunal de Apelaciones para revisar una estricta cuestión de derecho.

I

El 20 de diciembre de 2012, el Ministerio Público presentó cuatro denuncias en contra del

peticionario Samuel Encarnación Reyes. Se le imputó entrar a la residencia de la Sra. Taisha Santiago Santiago y propinarle múltiples heridas en diferentes partes del cuerpo con un arma blanca hasta causarle la muerte. El 21 de diciembre de 2012, se determinó causa probable para el arresto del señor Encarnación Reyes por violaciones a los Artículos 93, 195 y 285 del Código Penal, 33 LPRA secs. 5241, 5265, 5378, y al Art. 5.05 de la Ley de Armas, Ley Núm. 2000-404, 23 LPRA sec. 458d. El foro primario le impuso una fianza de $1,500,000 por el delito de asesinato en primer grado y $80,000 por cada uno de los delitos restantes. El peticionario Encarnación Reyes no prestó la fianza.

La vista preliminar se fijó para el 10 de enero de 2013. Ese día, el Ministerio Público manifestó que estaba preparado con los testigos presentes, los agentes Madeline Asencio y Luis Sánchez. Sin embargo, la vista se suspendió porque la defensa no estaba preparada y, por tal razón, se pautó para el 7 de febrero de 2013. Esa segunda vista también se suspendió.

Finalmente, el 8 de marzo de 2013, llamado el caso, el Ministerio Público manifestó que estaba preparado para celebrar la vista preliminar y que presentaría como testigos a Naomi Díaz, y a los agentes Madeline Asencio Márquez, José Bellavista Ruiz y Luis Sánchez Rodríguez. Luego de juramentar los testigos, el desfile de la prueba comenzó con el testimonio del agente Sánchez Rodríguez.

El agente Sánchez Rodríguez describió la escena del crimen y declaró que, como parte de su investigación, visitó la residencia del Sr. Jonathan Cruz Reyes, hermano del peticionario. El agente testificó que el señor Cruz Reyes autorizó a la Policía a entrar en su residencia y que allí ocuparon varias piezas de evidencia. En ese momento, la defensa presentó una objeción y argumentó que esa parte del testimonio constituía prueba de referencia. La defensa indicó que el señor Cruz Reyes, aunque era un testigo anunciado del Ministerio Público, no estaba presente en la vista ni se le había tomado juramento. El foro primario declaró con lugar la objeción presentada por la defensa y no permitió las manifestaciones del agente Sánchez Rodríguez sobre el particular.

Después que terminó el testimonio del agente Sánchez Rodríguez, la defensa solicitó tiempo para prepararse para el correspondiente contrainterrogatorio. El foro primario declaró con lugar la solicitud y señaló la continuación de la vista para el 15 de marzo de 2013. Ante ese escenario, el Ministerio Público solicitó que se citara al señor Cruz Reyes para que compareciera a la continuación de la vista. El foro primario resolvió que, dado que la vista había comenzado y no se había presentado solicitud alguna de auxilio al tribunal para garantizar la comparecencia del testigo, no admitiría el testimonio del señor Cruz Reyes.

El 15 de marzo de 2013, el Ministerio Público indicó que el señor Cruz Reyes estaba en la sala y solicitó que se

le tomara el juramento para que pudiera testificar. El foro primario declaró sin lugar la solicitud del Ministerio Público y concluyó que no podía permitir que, luego de haber hecho una determinación de exclusión de evidencia por no estar presente un testigo, se añadiera ese testigo al proceso para subsanar la omisión.

Inconforme, la Procuradora General presentó una solicitud de certiorari ante el Tribunal de Apelaciones y una moción en auxilio de jurisdicción para paralizar los procedimientos. Argumentó, en síntesis, que el foro primario abusó de su discreción al no permitir el testimonio del señor Cruz Reyes. Por su parte, el peticionario alegó que el foro apelativo intermedio no tenía jurisdicción para atender la controversia, ya que el recurso de certiorari solo estaba disponible para revisar una determinación final de una vista preliminar en alzada.

El Tribunal de Apelaciones paralizó los procedimientos y, sin expresarse en relación a su jurisdicción, expidió el auto de certiorari. De esta manera, consideró la controversia en sus méritos y revocó el dictamen del foro primario. Resolvió que no existía ningún precepto legal que prohibiera al Ministerio Público solicitar el juramento de un testigo previamente incluido en una denuncia, aun cuando ese testigo no estuvo presente al inicio del procedimiento.

En desacuerdo, el peticionario Encarnación Reyes presentó una petición de certiorari ante este Tribunal. El 28 de junio de 2013, expedimos el auto solicitado. Con el

beneficio de la comparecencia del peticionario Encarnación Reyes y de la Procuradora General, resolvemos a favor del primero.

II

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, exige celebrar una vista preliminar en todos los casos de delito grave. Como hemos expresado, el propósito principal de la vista preliminar es "evitar que una persona sea sometida injustificadamente a los rigores de un proceso penal". Pueblo v. Rivera Vázquez, 177 DPR 868, 875 (2010). Véase, además, Pueblo v. Rivera Cuevas, 181 DPR 699, 706 (2011). Así, "su objeto central no es hacer una adjudicación en los méritos en cuanto a la culpabilidad o inocencia del imputado, sino evitar que se someta a una persona de forma arbitraria e injustificada a los rigores de un proceso criminal". Pueblo v. Rodríguez Aponte, 116 DPR 653 (1985).

Hemos afirmado que la vista preliminar "posee los rasgos de un modelo procesal híbrido que permite evaluar, tanto la validez del arresto, como las probabilidades de que la persona sea culpable del delito grave que se le imputa". Pueblo v. Rivera Vázquez, supra, pág. 875; Pueblo en Interés Menor K.J.S.R., 172 DPR 490 (2007). En esta etapa del procedimiento, sin embargo, no se hace una adjudicación en los méritos sobre la culpabilidad de la persona imputada. Hemos repetido en varias ocasiones que "no se trata de un ´mini juicio´". Pueblo v. Rivera Cuevas,

supra, pág. 706; Pueblo v. Rivera Vázquez, supra. En el pasado, aclaramos que basta con que el Ministerio Público presente una scintilla de evidencia en la cual "apoyar una determinación *prima facie* de que se cometió un delito y que con toda probabilidad el imputado lo cometió". Pueblo v. Rivera Cuevas, supra, pág. 706. Véanse, además, Pueblo v. Andaluz Méndez, 143 DPR 656, 662 (1997); Pueblo v. Rodríguez Aponte, 116 DPR 653, 664 (1985).

Si un magistrado determina que no existe causa probable para acusar por una insuficiencia de prueba para demostrar que se cometió un delito o que el imputado lo cometió, el Ministerio Público puede elegir uno de dos cursos de acción posibles: desistir de procesar al individuo o recurrir en una vista preliminar en alzada ante otro magistrado. Véanse: Pueblo en interés menor G.R.S., 149 DPR 1 (1999); Pueblo en Interés Menor K.J.S.R., supra; Pueblo v. García Saldaña, 151 DPR 783, 791 (2000).

La vista preliminar en alzada es una audiencia de novo, totalmente independiente y distinta de la primera. Pueblo v. Cruz Justiniano, 116 DPR 28, 30 (1984). Sin embargo, hemos enfatizado que la vista preliminar inicial y la vista preliminar en alzada "son partes de un mismo y continuo proceso judicial". Pueblo v. Vallone, Jr., 133 DPR 427, 433 (1993). De hecho, el propósito de la vista en alzada "está centrado en brindarle al Estado una segunda oportunidad para conseguir una determinación favorable de causa para […] acusar, con la misma u otra prueba distinta

a la que se ofreció en la vista original". Pueblo v. Sustache Sustache, 176 DPR 250, 275 (2009).

Ahora bien, la determinación emitida tras la vista en alzada, ya sea la inexistencia de causa por insuficiencia de la prueba o la existencia de causa probable por un delito distinto o inferior al imputado, es final y no es revisable ante un foro de mayor jerarquía. Pueblo v. Ríos Alonso, 149 DPR 761 (1999); Pueblo v. Rodríguez Ríos, 136 DPR 685 (1994). Solo se puede revisar por certiorari, **y a modo de excepción**, cuando la determinación de no causa probable para acusar se funda en cuestiones estrictamente de derecho, desvinculadas de la apreciación de la prueba que fue presentada para demostrar la comisión del delito. Pueblo en Interés Menor K.J.S.R., supra; Pueblo v. Rivera Alicea, 150 DPR 495, 499-500 (2000); Pueblo v. Cruz Justiniano, supra.

En Pueblo v. Díaz de León, supra, enfatizamos la naturaleza excepcional del recurso de certiorari en el contexto de una vista preliminar. En específico, aclaramos que "el certiorari sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso". Id., pág. 918. Destacamos que el recurso de certiorari "debe limitarse a aquellos casos en que la ley no provee un remedio adecuado para corregir el error". Id. Por eso, resolvimos que "[a]tender un caso por el mecanismo de certiorari extraordinario antes de agotar los remedios que proveen las Reglas de Procedimiento Criminal y sin

contar con razones de gran peso, no es cónsono con las características del recurso". Id., págs. 919-920. Así, expresamos que la norma de "recurrir mediante un certiorari en lugar de acudir a una vista preliminar en alzada […] no es consecuente con el principio básico de que el certiorari no procede cuando existe otro recurso legal que protege rápida y eficazmente los derechos de la parte peticionaria". Id., pág. 920, citando a Pueblo v. Tribl. Superior, 81 DPR 763, 771 (1960). Por eso, resolvimos que "el mecanismo procesal extraordinario del certiorari [procede] después de agotar el remedio de la vista en alzada". Pueblo v. Díaz de León, supra, pág. 921.

III

El peticionario Encarnación Reyes alega que no procede expedir un auto de certiorari para revisar una determinación interlocutoria emitida durante la vista preliminar. Tiene razón.

Primero, el Ministerio Público tiene diversos mecanismos legales, aparte del certiorari, para obtener el resultado que busca. El objetivo principal del Ministerio Público en la vista preliminar es que se determine causa probable para juicio y, de esa forma, obtener la autorización para presentar el pliego acusatorio correspondiente. Pueblo v. Díaz de León, supra, pág. 921. Véase, además, E.L. Chiesa Aponte, Derecho procesal penal de Puerto Rico y Estados Unidos, Bogotá, Ed. Forum, 1995, Vol. III, págs. 35-40. Todavía el Ministerio Público no

sabe si logrará su objetivo en este caso, pues la vista preliminar no ha terminado. Si la fiscalía no logra que se declare causa probable durante la vista preliminar inicial, ya sea porque el tribunal no permite que el testigo declare o por cualquier otra razón, siempre está disponible el mecanismo de la vista preliminar en alzada. En esa vista, el fiscal tendrá una segunda oportunidad para obtener un resultado favorable y podrá presentar prueba nueva, incluyendo al testigo excluido. Véase Pueblo v. Ríos Alonso, 149 DPR 761, 769 (1999). Por eso, el recurso de certiorari en esta etapa de los procedimientos resulta prematuro.

Segundo, si permitiéramos la revisión vía certiorari de cada incidente interlocutorio en la vista preliminar, convertiríamos esa vista en un verdadero mini juicio. Hemos enfatizado que esa no es la naturaleza de la vista preliminar. Pueblo v. Rivera Cuevas, supra, pág. 706. Además, la vista preliminar es "un procedimiento especialmente regulado, con una finalidad esencial al ordenado y rápido curso del procedimiento criminal". Pueblo v. Opio Opio, 104 DPR 165, 171 (1975). La expedición del recurso de certiorari en la etapa que solicitó el Ministerio Fiscal dilataría innecesariamente los procesos penales.

La Procuradora General alega que el recurso de certiorari es necesario en este caso para asegurar el testimonio bajo juramento del señor Cruz Reyes en la vista

preliminar por si, dada su relación de parentesco con el imputado, no está disponible para testificar en las siguientes etapas del proceso. Su argumento no nos persuade. Las Reglas de Procedimiento Criminal proveen varios mecanismos, más certeros y adecuados que el que propone la Procuradora General, para asegurar el testimonio bajo juramento del señor Cruz Reyes. En específico, la Regla 235 de Procedimiento Criminal, 34 LPRA Ap. II R. 235, "autoriza a los magistrados a expedir citaciones para la comparecencia y examen bajo juramento de testigos ante sí para los trámites de determinación de causa probable, para el acto del juicio o para cualquier procedimiento pendiente de vista". Meléndez, F.E.I., 135 DPR 610, 617 (1994). Además, la regla establece que "[e]l juez de cualquier tribunal podrá expedir [...] citación para la comparecencia de cualquier testigo a juicio, a la toma de su deposición o a cualquier vista". Regla 235 de Procedimiento Criminal, supra. Basta con que el Ministerio Público "provea al tribunal el nombre y dirección del testigo" y "[s]erá deber del tribunal, prontamente, expedir u ordenar al secretario del tribunal que expida la citación". Id. Véase, además, Pueblo v. González Rivera, 132 DPR 517, 521-522 (1993).

Además, la Regla 238 de Procedimiento Criminal, 34 LPRA Ap. II R. 235, dispone que si "[c]ualquiera de las partes estableciere [...] que existe fundado temor de que algún testigo en una causa criminal dejará de comparecer a

declarar a menos que se le exija fianza, el magistrado […] ordenará al testigo que preste fianza".

Por último, la Procuradora General sostiene que *Pueblo v. Díaz de León*, *supra*, no es aplicable a este caso. Arguye que la norma allí pautada aplica solamente cuando se pretende revisar una determinación final de "no causa probable", mas no cuando se trata de una cuestión interlocutoria. No tiene razón. No es lógico afirmar que no se puede revisar por *certiorari* el dictamen de la vista preliminar inicial, pero sí se puede presentar un *certiorari* para revisar incidentes interlocutorios de esa misma vista. En *Pueblo v. Díaz de León*, *supra*, pág. 921, fuimos claros al resolver que el Ministerio Público puede utilizar "el mecanismo procesal extraordinario del *certiorari* después de agotar el remedio de la vista en alzada". En este caso ni siquiera se ha agotado la vista preliminar inicial. Además, aparte de lo ya discutido, la Procuradora General no apuntó a ninguna otra razón de gran peso para que el Tribunal de Apelaciones expidiera el recurso de *certiorari*. *Id.*, pág. 918.

Por todo lo anterior, concluimos que no procede un auto de *certiorari* para revisar un incidente interlocutorio de la vista preliminar. De no lograr un dictamen favorable de causa probable para juicio, el Ministerio Público aún tiene disponible la vista preliminar en alzada. Por otro lado, también tiene a su disposición varios mecanismos dispuestos en las Reglas de Procedimiento Criminal para

asegurar el testimonio bajo juramento del señor Cruz Reyes. En conclusión, el Tribunal de Apelaciones erró al expedir el auto de <u>certiorari</u> presentado por la Procuradora General y resolver la controversia en los méritos.

IV

A base de los fundamentos esbozados, procede revocar el dictamen del Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia, Sala de Carolina, para la continuación de la vista preliminar.


RAFAEL L. MARTÍNEZ TORRES
Juez Asociado