EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Teodoro Aponte Nolasco<br>Gloria Colón Núñez<br><br>Recurridos | Certiorari<br><br>2006 TSPR 62<br><br>167 DPR ____ |

Número del Caso: CC-2004-705

Fecha: 19 de abril de 2006

Tribunal de Apelaciones:

        Región Judicial de Aibonito

Juez Ponente:

        Hon. Rafael L. Martínez Torres

Abogado de la Parte Recurrida:

        Lcdo. Alfredo Ortiz Rivera

Oficina del Procurador General:

        Lcdo. Roberto J. Sánchez Ramos

        Lcdo. Salvador J. Antonetti Stutts<br>        Procurador General

Materia: Infracción Artículo 401 (A) Ley Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.                      CC-2004-705        Certiorari

Teodoro Aponte Nolasco
Gloria Colón Núñez

    Recurridos

Opinión del Tribunal emitida por el Juez Presidente señor Hernández Denton

San Juan, Puerto Rico a 19 de abril de 2006.

El presente caso nos permite resolver si una determinación de no causa probable para acusar fundamentada en una cuestión de estricto derecho es revisable mediante el recurso de *certiorari.*

De contestar dicha interrogante en la afirmativa, nos corresponde determinar si en el caso de autos hubo una demora injustificada en llevar a los imputados ante un magistrado luego de haber sido arrestados. *Veamos.*

I.

En noviembre de 2003, el Ministerio Público presentó denuncias contra el Sr.

Teodoro Aponte Nolasco y la Sra. Gloria Colón Núñez (en adelante Aponte Nolasco y Colón Núñez) por infracciones al Artículo 401(A) de la Ley de Sustancias Controladas de Puerto Rico.[1] El foro de instancia determinó causa probable para arresto en ausencia de los imputados. Las correspondientes órdenes de arresto fueron diligenciadas el 2 de diciembre de 2003 a las 4:00 A.M.

Después de diligenciados los arrestos, Aponte Nolasco y Colón Núñez fueron trasladados al Cuartel General de la Policía. Ese mismo día, a las 4:32 P.M., la defensa presentó un recurso de *habeas corpus* ante el Tribunal de Primera Instancia, Sala de Aibonito.[2] A las 5:00 P.M., se celebró una vista para imponer fianza conforme a lo preceptuado en la Regla 22(a) de Procedimiento Criminal, 34 L.P.R.A., Ap. II, R. 22(a). Tanto Aponte Nolasco como Colón Núñez estuvieron presentes en dicha vista. Ambos quedaron libres luego de pagar la fianza correspondiente.

Tras celebrarse la vista preliminar, el tribunal determinó que, a pesar de que la prueba demostró la probabilidad de que los imputados cometieron los delitos, no existía causa para acusar. Ello en vista de que hubo

---

[1] 24 L.P.R.A. sec. 2401.

[2] El propósito del referido recurso fue cuestionar la legalidad de la detención de Aponte Nolasco y Colón Núñez en vista de que habían transcurrido más de doce horas desde su arresto sin que se les hubiera llevado ante un magistrado.

una demora innecesaria en llevar a Aponte Nolasco y Colón Núñez ante un magistrado luego de haber sido arrestados.

Inconforme, el Ministerio Público acudió ante el Tribunal de Apelaciones mediante recurso de *certiorari* solicitando la revocación de la determinación tomada por el foro de instancia. El foro apelativo se negó a expedir el recurso. Razonó que el único vehículo procesal que tiene el Ministerio Público para cuestionar una determinación de no causa probable para acusar es la vista preliminar en alzada. Por ende, concluyó que no tenía jurisdicción para revisar la decisión del foro de instancia.

Todavía insatisfecho, el Ministerio Público comparece ante nos. Aduce que el Tribunal de Apelaciones erró al rehusarse a expedir el recurso de *certiorari* para revisar la determinación tomada por el foro de instancia en la vista preliminar. Sostiene, en esencia, que dicho recurso está disponible para revisar determinaciones de inexistencia de causa probable para acusar fundamentadas en planteamientos de estricto derecho.

Expedimos el auto solicitado. Contando con el beneficio de las comparecencias de las partes, procedemos a resolver.

## II.

### A.

Como norma general, una determinación de inexistencia de causa probable para acusar solamente es

revisable por el Ministerio Público mediante el mecanismo procesal de la vista preliminar en alzada. Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984). No obstante lo anterior, hemos expresado que cualquier determinación de no causa probable fundada en cuestiones de estricto derecho es revisable mediante el recurso de *certiorari*. *Id.*

En Pueblo v. Colón Mendoza, 149 D.P.R. 630 (1999), aclaramos el alcance de la referida norma. Allí establecimos que existen tres distintas situaciones en las cuales un magistrado puede concluir que no existe causa probable para acusar, a saber: (1) cuando la prueba desfilada durante la vista no estableció a satisfacción del juzgador la probabilidad de que el delito se haya cometido o la conexión del imputado con el delito, (2) cuando la prueba desfilada durante la vista estableció la probable comisión de un delito inferior o distinto al imputado, y (3) cuando, por razones estrictamente de derecho desvinculadas a la prueba presentada sobre la comisión del delito, se determina que no hay causa probable.

Razonamos que en los primeros dos supuestos el único mecanismo que tiene disponible el Ministerio Público para revisar la determinación de no causa para acusar es la vista en alzada. No obstante, reconocimos que en el tercer supuesto el Ministerio Público podía revisar la referida determinación mediante el recurso de *certiorari*.

*Id.* Es decir, establecimos que las determinaciones de inexistencia de causa probable son revisables mediante dicho recurso cuando están fundadas en cuestiones de estricto derecho, ajenas a la prueba desfilada durante la vista tendiente a establecer la comisión del delito. *Véase,* además, Pueblo v. Rivera Alicea, 150 D.P.R. 495 (2000).

De otra parte, debemos señalar que en estos casos el recurso de *certiorari* está disponible para corregir errores de derecho independientemente de la naturaleza procesal o sustantiva de los mismos. Pueblo v. Colón Mendoza, *supra*, en la pág. 637. La referida norma aplica tanto cuando se trata de vistas para determinación de causa probable para arresto como vistas de causa probable para acusar. Por último, es necesario señalar que esta normativa permite revisar tanto las determinaciones de derecho realizadas en la vista original como las realizadas en la vista en alzada.

### B.

Conforme a la Regla 22 (a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 22(a), una vez se hace un arresto, la persona arrestada debe ser traída ante un magistrado sin dilación innecesaria. En casos en que el arresto se produce sin orden, el propósito principal de dicho requisito es permitirle al magistrado convalidar con prontitud la existencia de causa probable para arresto. De otra parte, cuando el arresto se produce tras

haberse procurado una orden judicial para ello, el propósito principal de la norma es informarle a los arrestados de los cargos que se han presentado en su contra y los derechos que le asisten, e imponerle una fianza como condición para su excarcelación.[3]

En el caso del arresto sin orden, el Tribunal Supremo de los Estados Unidos resolvió que la persona debe ser llevada ante un magistrado no más tarde de las cuarenta y ocho (48) horas siguientes al arresto. County of Riverside v. McLaughlin, 500 U.S. 44 (1991). Cualquier demora en exceso de dicho término se presume injustificada. Claro está, dicha norma solamente tiene el efecto de establecer el tiempo máximo que puede pasar un arrestado sin comparecer a un magistrado. Por tanto, es posible que el transcurso de un lapso de tiempo menor pudiera contravenir la referida norma, particularmente en casos en que no existe justificación alguna para la dilación.

No debemos perder de perspectiva que la normativa establecida en County of Riverside, *supra*, fue adoptada para responder a las necesidades particulares de la jurisdicción federal en donde las distancias de un lugar

---

[3] Debemos señalar que, en el caso del arresto sin orden, la exigencia de llevar al arrestado al magistrado sin dilación innecesaria es de raigambre constitucional. *Véase a* Gerstein v. Pugh, 420 U.S. 103 (1975). No obstante, en el caso de los arrestos con orden, la referida exigencia es puramente de carácter estatutario. *Véase, en general*, a Ernesto L. Chiesa, III Derecho Procesal Penal de Puerto Rico y Estados Unidos 36-38 (Forum, 1993).

a otro pueden ser enormes.  Sin embargo, en el caso de Puerto Rico, no vemos razón por la cual la conducción de un arrestado ante un magistrado debe tomar cuarenta y ocho horas.

Un vistazo al funcionamiento de nuestro sistema judicial avala dicha conclusión. Nuestra jurisdicción está dividida en trece regiones judiciales. Como bien es sabido, el proceso de presentación del arrestado ante un magistrado se lleva a cabo en las Salas de Investigaciones del país. Dos de las Salas de mayor actividad, San Juan y Bayamón, están abiertas de 8:30 AM a 5:00 PM con personal y horario regular. Además, dichas salas permanecen abiertas en horario extendido desde las 5:00 PM hasta la 1:00 AM.

De otra parte, la Sala de Investigaciones de la Región Judicial de San Juan atiende en dicho horario extendido los asuntos de la Región Judicial de Carolina y Caguas.Igualmente, la región Judicial de Ponce trabaja en horario extendido en días de semana hasta las 12:00 AM.

Luego de dichas horas, al igual que en el resto de las regiones judiciales, se trabaja a base del sistema de turnos.  Bajo dicho sistema, siempre existe un juez que está disponible ("on call") para atender cualquier asunto que amerite su atención. Además, siempre está de turno un fiscal pues es el funcionario encargado de evaluar inicialmente la prueba que le presenta el agente a los fines de determinar si debe prepararse la denuncia y la

boleta que se debe firmar como autorización para someter el caso. De hecho, el fiscal es el funcionario que debe hacer la gestión para informar al juez, a la hora que sea, que se procederá a someter un caso.

Como se desprende de lo anterior, no existe justificación alguna para que en Puerto Rico el Estado se demore cuarenta y ocho (48) horas desde el momento en que se produce el arresto hasta que el arrestado es presentado ante un magistrado. Las Salas de Investigaciones de mayor actividad en la isla están en entero funcionamiento durante dieciséis de las veinticuatro horas del día. Además, aún cuando la sala está "cerrada", siempre hay un juez y un fiscal de turno disponibles para atender cualquier caso que surja durante dicho horario. Resulta razonable concluir, por tanto, que, como norma general, no deben transcurrir más de varias horas desde que el fiscal le informa al juez del caso que interesa someter y el momento en que el magistrado finalmente celebra un proceso para dilucidar el referido asunto. Por ende, consideramos que, en atención a las circunstancias antes mencionadas, en nuestra jurisdicción no deben transcurrir más de treinta y seis horas (36) entre el arresto de los imputados y su presentación ante un magistrado.

En fin, somos del criterio de que una vez una persona es arrestada, las autoridades deben presentarlo ante un magistrado lo antes posible. Ello usualmente

supone que el arrestado debe comparecer ante un tribunal inmediatamente luego de ser completados los trámites administrativos incidentales al arresto.[4] En ausencia de circunstancias extraordinarias, dicho trámite no debe tomarle al Estado más de 36 horas. Cualquier demora en exceso de este término se presume injustificada.

Sin embargo, debemos aclarar que dicha norma solamente tiene el efecto de establecer el tiempo máximo que puede pasar un arrestado sin comparecer a un magistrado antes de que se presuma injustificada la dilación. En virtud de esto, es posible que el transcurso de menos tiempo entre ambos eventos pudiera violar dicha normativa.

Además, lo anterior no implica que toda dilación mayor de 36 horas se considera incontrovertiblemente injustificada pues, en circunstancias excepcionales, el Estado podría justificar una dilación mayor.

Con este marco normativo en mente, pasemos a examinar los hechos particulares que tenemos ante nos.

### III.

En el presente caso, el Ministerio Público alega que la determinación de inexistencia de causa probable realizada por el foro de instancia es revisable mediante el recurso de *certiorari* pues estuvo fundada en una cuestión de estricto derecho. Le asiste la razón.

---

[4] Dichos trámites incluyen, entre otros, el "ficheo", la toma de huellas digitales, y la toma de fotografías del arrestado.

Como expresamos anteriormente, hemos resuelto en reiteradas ocasiones que las determinaciones de no causa probable basadas en cuestiones de derecho totalmente desvinculadas de la prueba desfilada en la vista son revisables mediante el recurso de *certiorari*. Por el contrario, cuando la referida determinación está fundamentada en que la prueba presentada ante el magistrado no es suficiente para establecer la probabilidad de comisión del delito o la conexión del imputado con el delito, el único vehículo que tiene a su haber el Ministerio Público para cuestionar dicho curso de acción es la vista en alzada.

Resulta obvio que en el caso de autos la determinación de inexistencia de causa probable para acusar se fundamentó en una cuestión estrictamente de derecho, a saber: la demora innecesaria de las autoridades en llevar al arrestado ante un magistrado. De otra parte, el que en la resolución recurrida se haya expresado que "la prueba desfilada [en la vista] demostró, a nuestro juicio, la probabilidad de que los imputados cometieran los delitos por los cuales fueron denunciados", claramente refleja que la decisión del foro de instancia estuvo motivada por consideraciones estrictamente de derecho no relacionadas con la prueba vertida en la referida vista sobre la comisión del delito.

No debe caber duda, pues, de que, tratándose de un planteamiento de estricto derecho, el Ministerio Público podía acudir ante el Tribunal de Apelaciones. Ello con el único fin de que se revisara si actuó correctamente el foro de instancia al determinar que no existía causa probable en vista de que los imputados no fueron conducidos rápidamente ante un magistrado luego de su arresto.

Solo nos resta ahora determinar si, evaluados los méritos del caso, el referido foro erró al así actuar. Tanto Aponte Nolasco como Colón Núñez fueron conducidos ante un magistrado aproximadamente trece horas luego de ser arrestados. El arresto se produjo a las cuatro de la madrugada y las cinco de la tarde de ese mismo día ya fueron presentados ante el tribunal.

La defensa no nos ha presentado evidencia que avale su posición de que el tiempo transcurrido entre ambos eventos fue mayor que el razonablemente necesario para completar los trámites de rigor luego del arresto y posteriormente llevar a los arrestados al foro de instancia para que se les informe de sus derechos y se les imponga fianza. En atención a que el tiempo transcurrido entre el arresto y la presentación de los arrestados ante el magistrado fue menor de 36 horas, no podemos presumir que la dilación fue irrazonable. Debemos concluir, pues, que, en ausencia de evidencia en contrario, la demora no fue injustificada.

En vista de esto, concluimos que erró el Tribunal de Primera Instancia al determinar que no existía causa probable para acusar en el presente caso.

IV.

Por los fundamentos expuestos anteriormente, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Se dictará la Sentencia correspondiente.


Federico Hernández Denton
Juez Presidente

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

      v.                    CC-2004-705       Certiorari

Teodoro Aponte Nolasco
Gloria Colón Núñez

    Recurridos

SENTENCIA

San Juan, Puerto Rico a 19 de abril de 2006.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se revoca el dictamen del Tribunal de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con opinión escrita. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

        vs.                     CC-2004-705    CERTIORARI

Teodoro Aponte Nolasco
Gloria Colón Núñez

    Recurridos

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 19 de abril de 2006

Unas muy breves expresiones para dejar constancia de nuestra gran inconformidad con la actuación del Tribunal en el presente caso. Como es sabido, en su principal función de pautar el derecho en nuestra jurisdicción, el Tribunal, de ordinario, debe limitarse a <u>interpretar</u> las leyes y reglamentos vigentes en nuestro ordenamiento jurídico. Hay ocasiones en que por existir una "laguna" en la ley, el Tribunal se ve en la <u>necesidad</u> de incurrir, por decirlo así, en un acto de "legislación judicial". De ser ello posible, el Tribunal debe <u>abstenerse de hacerlo</u> ya que esa función, bajo nuestro sistema republicano de gobierno, le corresponde a la Asamblea Legislativa.

En el día de hoy, el Tribunal incurre en un grave acto de legislación judicial. Su actuación resulta aun más inexplicable cuando consideramos el hecho de que la misma es innecesaria ya que, realmente, no existe una "laguna" en las Reglas de Procedimiento Criminal, respecto a la materia en controversia, que requiera acción correctiva de parte del Tribunal.

I

La Regla 22(a), de nuestras Reglas de Procedimiento Criminal[5], establece:

> (a) Comparecencia ante el magistrado. Un funcionario del orden público que hiciere un arresto autorizado por una orden de arresto deberá llevar a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano. Cualquier persona que hiciere un arresto sin orden de arresto deberá llevar a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano, y si la persona que hiciere el arresto sin orden de arresto fuere una persona particular, podrá entregar a la persona arrestada a cualquier funcionario del orden público, quien a su vez deberá llevar a la persona arrestada sin demora innecesaria ante un magistrado, según se dispone en esta regla. Cuando se arrestare a una persona sin que se hubiere expedido orden de arresto y se le llevare ante un magistrado, se seguirá el procedimiento que disponen las Reglas 6 y 7, según corresponda. (Énfasis suplido.)

Como podemos notar, la frase clave y determinante en dicha disposición reglamentaria lo es "sin demora

---

[5] 34 L.P.R.A. Ap. II, R. 22(a).

innecesaria". ¿Cómo se determina si las autoridades cumplieron con el referido mandato? La contestación es sorprendentemente sencilla: de acuerdo a los hechos específicos del caso y resolviendo los casos "caso a caso".

Ante un señalamiento del acusado de que las autoridades incumplieron con dicho mandato, ¿cómo se dilucida el asunto? La contestación a dicha interrogante es, igualmente, sencilla: el tribunal de instancia, en una vista señalada a esos efectos y luego de que el acusado establezca el tiempo transcurrido desde que fue detenido hasta que fue conducido ante un magistrado, decidirá la cuestión planteada luego de recibir la prueba que tenga a bien presentar el ministerio público sobre las razones, si algunas, para la alegada demora y la prueba de refutación que, con relación a la misma, presente el acusado; todo ello a la luz de las disposiciones de la Regla 22(a) antes transcrita.

La citada disposición reglamentaria cumple cabalmente con lo resuelto por el Tribunal Supremo federal en Gerstein v. Pugh, 42 US 103 (1975). En dicho caso el referido foro judicial resolvió que la Cuarta Enmienda de la Constitución de los Estados Unidos --disposición constitucional que aplica a Puerto Rico-- requiere una "pronta determinación judicial" sobre causa probable como pre-requisito de un extenso período de detención, producto de un arresto sin orden judicial. En vista de que la

citada Regla 22(a) requiere que el detenido sea llevado "sin demora innecesaria" ante un magistrado, <u>resulta innecesario, en nuestra jurisdicción, el establecimiento de un período de tiempo máximo de detención, previo a que el detenido sea llevado ante el magistrado.</u>

La Mayoría da la impresión de que incurre en este curso de acción --esto es, el de establecer un período máximo de 36 horas-- "<u>obligado</u>" por la decisión del Tribunal Supremo federal en <u>County of Riverside</u> v. <u>McLauglin</u>, 500 U.S. 44 (1991). <u>Nada más lejos de la realidad</u>. En <u>County of Riverside</u>, ante, el Supremo federal resumió su decisión, y los efectos y consecuencias de la misma, expresando que:

> Our task in this case is to <u>articulate</u> more <u>clearly the boundaries of what is permissible under the Fourth Amendment</u>. Although we hesitate to announce that the Constitution compels a specific time limit, it is important to provide <u>some degree of certainty</u> so that States and counties may establish procedures with confidence that they fall within constitutional bounds. Taking into account the competing interests articulated in *Gerstein*, <u>we believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*. For this reason, such jurisdictions will be immune from systemic challenges</u>. (Énfasis suplido).

En el antes mencionado caso de <u>County of Riverside</u>, ante, se impugnó un estatuto estatal que permitía que personas arrestadas sin orden judicial pudieran permanecer detenidas, antes de ser llevadas ante un magistrado, <u>por un período de dos días</u>; período que <u>no</u> incluía los fines

de semana --sábados y domingos-- y los días feriados, lo cual significaba, en palabras del Supremo federal, que una persona arrestada al final de la semana podía permanecer detenida, sin ser llevada ante un magistrado, por períodos de cinco y, hasta, siete días.

En nuestra jurisdicción, repetimos, ello no puede ocurrir ya que, conforme establece la antes citada Regla 22(a), el detenido debe ser llevado ante un magistrado sin demora o dilación innecesaria. Ello significa que, conforme se resolvió en County of Riverside, ante, la citada Regla 22(a) de nuestras Reglas de Procedimiento Criminal cumple con el requisito de la Cuarta Enmienda de la Constitución federal, razón por la cual la misma está "inmune" a ataques e impugnaciones constitucionales.

II

La mejor evidencia de la corrección de lo antes expresado consiste en que en la jurisdicción federal --en la cual la materia en controversia está reglamentada por la Regla 5(1)(A) de las Reglas de Procedimiento Criminal federales-- no obstante el hecho de que el criterio ("test") que reglamenta la situación es idéntico al nuestro, dicha Regla federal permanece inalterada.

La citada Regla 5(1)(A) federal establece que:

(1) Appearance Upon an Arrest.

(A) A person making an arrest within the United States must take the defendant without unnecessary delay before a

> magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise. (Énfasis suplido).

Como podemos notar, repetimos, el criterio que establecen, tanto la referida Regla 5(1)(A) federal como la citada Regla 22(a) nuestra, es idéntico. En consecuencia, ambas disposiciones, y jurisdicciones, están "inmunes" a ataques e impugnaciones constitucionales similares al que fue objeto el estatuto estatal en el caso de County of Riverside, ante.

III

Lo verdaderamente triste de toda esta situación es que, en primer lugar, la norma hoy pautada por el Tribunal, esto es, el período máximo de 36 horas establecido, es uno que, realmente, no resuelve nada ya que el mismo resulta meramente directivo, en vista de todas las excepciones que, respecto al mismo, establece el Tribunal en la Opinión emitida.

En segundo lugar, el establecimiento de este período máximo de 36 horas tendrá consecuencias nefastas para las personas que sean arrestadas. Antes de la Opinión emitida en el presente caso, las autoridades policíacas sabían que tenían que llevar al detenido ante un magistrado "sin demora innecesaria". Hoy están conscientes del hecho que el Tribunal les ha concedido un "período de gracia" de

hasta, posiblemente, 36 horas. El perjuicio que causará esta nueva norma es inimaginable.

Por último, la norma hoy innecesariamente establecida no resulta ni tan siquiera en beneficio de una mejor administración de la justicia. Todos y cada uno de los casos tendrán que ser resueltos, al amparo de dicha norma, conforme sus hechos específicos y particulares y los tribunales de instancia vendrán obligados, como actualmente se hace, a resolver la cuestión "caso a caso".


FRANCISCO REBOLLO LÓPEZ
Juez Asociado