EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Luis A. Guzmán Batista<br><br>Peticionarios | Certiorari<br><br>2010 TSPR 25<br><br>178 DPR ____ |

Número del Caso: CC-2009-1066

Fecha: 25 de febrero de 2010

Tribunal de Apelaciones:

      Región Judicial de Ponce Panel VIII

Panel integrado por su presidente, el Juez Miranda de Hostos y los Jueces Escribano Medina y Bermúdez Torres

Abogado de la parte peticionaria:

      Lcdo. Arturo Guzmán Guzmán

Materia: Sobre Art. 106 del Código Penal 2004 y Artículos 5.04 y 5.15 de la Ley de Armas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

      v.                                   Certiorari

Luis A. Guzmán Batista

    Peticionario                   CC-2009-1066

RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2010.

Examinada la *Solicitud de Paralización de Procedimientos* así como el recurso de Certiorari presentados en el caso de epígrafe, se provee no ha lugar a ambos.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Hernández Denton emite un voto disidente y la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez se unen a éste.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

Recurrido

v.                                    CC-2009-1066      Certiorari

Luis A. Guzmán Batista

Peticionario

Voto Disidente emitido por el Juez Presidente señor Hernández Denton al cual se unen la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico, a 25 de febrero de 2010.

> *El crimen no debe perseguirse mediante la negación de los derechos civiles del acusado.* J. Trías Monge, <u>Cómo fue: Memorias</u>, Ed. U.P.R., 2005, pág. 275.

La decisión de una mayoría de los miembros de este Tribunal que deniega la expedición del auto solicitado en el caso de epígrafe resulta, cuando menos, preocupante. Al no intervenir en este caso –sin tan siquiera requerirle al Ministerio Público expresarse–, este Foro valida el curso de acción adoptado por el Estado que privó de su libertad a una persona y la mantuvo bajo custodia durante treinta días sin que se presentara denuncia alguna

en su contra ni se le llevara ante un magistrado dentro del término razonable de tiempo que requiere nuestro ordenamiento jurídico. Por entender que dicho proceder es contrario al derecho procesal penal y viola los derechos de un ciudadano, disentimos.

I.

El Sr. Luis Guzmán Batista fue intervenido el 5 de abril de 2009 en conexión con unos hechos ocurridos el 4 de abril en el Municipio de Villalba, donde falleció el joven Edwin Rosado Torres, hijo de un coronel de la Policía de Puerto Rico. Según surge de la declaración jurada del Agente de la Policía José M. García Rivas, éste fue a buscar al señor Guzmán Batista en la tarde del 5 de abril a casa de sus padres porque su nombre había surgido en la investigación. Luego de hacerle verbalmente las advertencias de ley correspondientes, el agente García Rivas llevó al señor Guzmán Batista a la División de Homicidios de Ponce para tomarle una declaración. Allí, el agente García Rivas le hizo las advertencias por segunda vez y el señor Guzmán Batista así lo aceptó por escrito.

Según expuso el agente, el señor Guzmán Batista narró su versión de los hechos y fue ubicado en una celda el mismo día 5 de abril. Al día siguiente, fue entrevistado por un fiscal, quien nuevamente le hizo las advertencias de ley. Surge de la declaración jurada del agente García Rivas que el 10 de abril de 2009 el señor Guzmán Batista fue llevado al albergue de testigos, pues, alegadamente, en aquel momento se

le iba ofrecer un pre-acuerdo para que accediera a ser testigo de cargo.

Asimismo, se desprende del expediente que no fue hasta el 5 de mayo de 2009, treinta días despúes de la intervención del agente García Rivas, que se presentaron denuncias en contra del señor Guzmán Batista por un cargo de asesinato y dos cargos de violaciones a la Ley de Armas. Celebrada la vista, la juez encontró causa probable para el arresto del señor Guzmán Batista, le fijó una fianza y señaló fecha para la vista preliminar. De las denuncias surge que el señor Guzmán Batista compareció a la vista solo, sin abogado o familiar alguno.

Posteriormente, la defensa del imputado presentó una moción de desestimación al amparo de la Regla 64(n)(1) y (5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Específicamente, adujo que el Estado había mantenido al imputado en custodia por treinta días después de su arresto sin que se presentara acusación o denuncia en su contra y sin que se celebrara la vista preliminar, en violación a las mencionadas Reglas de Procedimiento Criminal, *supra*.

El Tribunal de Primera Instancia denegó de plano la solicitud de desestimación bajo la Regla 64(n)(5), *supra*, pero se reservó el fallo en cuanto al señalamiento de violación a la Regla 64(n)(1), *supra*, hasta tanto escuchara la prueba que sería desfilada en la vista preliminar. Celebrada dicha vista, el foro de instancia encontró causa para acusar por los delitos de homicidio negligente y violaciones a la Ley de Armas. Asimismo, denegó la solicitud

de desestimación al amparo de la Regla 64(n)(1), *supra*. Inconforme con la determinación del foro de instancia, el señor Guzmán Batista acudió al Tribunal de Apelaciones, el cual denegó expedir el recurso de *certiorari*.

Ante tal proceder, el acusado recurre a este Tribunal y nos solicita que paralicemos los procedimientos ante el foro de instancia, revoquemos al foro apelativo intermedio y ordenemos la desestimación de los cargos en su contra. Sin embargo, y a pesar de que se desprende del expediente una aparente violación a los derechos constitucionales del señor Guzmán Batista, una mayoría de este Foro le cierra las puertas al no expedir el recurso solicitado.

## II.

Del expediente surge que transcurrieron treinta días desde el arresto sin orden del señor Guzmán Batista hasta que se presentó una denuncia en su contra y se llevó ante un magistrado para determinar causa para su arresto. Durante ese tiempo, el señor Guzmán Batista estuvo privado de su libertad y bajo la custodia del Estado, sin que se iniciara procedimiento criminal alguno en su contra.

Es norma conocida en nuestra jurisdicción que cuando una persona es arrestada sin orden judicial para ello, deberá ser llevada sin demora innecesaria ante un magistrado. Regla 22(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. A esos efectos, hemos dispuesto que en Puerto Rico una dilación de más de treinta y seis horas se presume irrazonable y corresponde entonces al Ministerio Público demostrar que la

demora fue justificada. Pueblo v. Aponte, 167 D.P.R. 578, 585-586 (2006).

En el caso de autos, de la declaración jurada del agente que intervino con el señor Guzmán Batista surge que éste fue arrestado en casa de sus padres el 5 de abril de 2009 en horas de la tarde. Se le leyeron las advertencias de ley en dos ocasiones ese día y, según el agente, fue ubicado en una celda. Al día siguiente, se le hicieron las advertencias por tercera ocasión y un fiscal tomó su declaración. Es evidente, pues, que en la tarde del 5 de abril el señor Guzmán Batista ya era un sospechoso que fue arrestado y puesto bajo la custodia del Estado, por lo que debió ser llevado ante un magistrado lo antes posible, a más tardar el 7 de abril, dentro de las treinta y seis horas siguientes a su arresto. No obstante, no fue hasta el 5 de mayo de 2009, pasados treinta días, que se llevó al señor Guzmán Batista ante un juez para celebración de la vista de causa probable para arresto.

La aseveración del agente García Rivas en su declaración jurada en cuanto al alegado traslado del señor Guzmán Batista a un albergue de testigos el 10 de abril de 2009 no cambia la realidad del caso de autos. Aún tomando como un hecho el que se le haya trasladado al albergue para utilizarlo como un testigo, lo cierto es que el señor Guzmán Batista estuvo treinta días privado de su libertad sin justificación legal para ello.

Peor aún, durante los cinco días que transcurrieron entre el arresto sin orden y el supuesto traslado al albergue

de testigos el señor Guzmán Batista permaneció bajo custodia del Estado sin que se le llevara ante un magistrado ni se presentaran denuncias en su contra. Por supuesto, tampoco fue puesto en libertad. Es evidente que el señor Guzmán Batista había sido arrestado y puesto bajo custodia como sospechoso de varios delitos, pues se le hicieron las advertencias correspondientes en tres ocasiones y se le ubicó en una celda. Ante este cuadro fáctico, aún el término de cinco días es muy en exceso de las treinta y seis horas que se han reconocido como demora razonable para llevar a una persona arrestada ante un magistrado. Pueblo v. Aponte, *supra*. Por lo tanto, correspondía al Ministerio Público demostrar que la dilación en el proceso fue justificada.

Independientemente de los méritos del caso, lo cierto es que desde el 5 de abril de 2009 el Estado privó de su libertad al señor Guzmán Batista sin aparentemente seguir los procedimientos que justificaran tal actuación. La dilación en presentar las denuncias y llevarlo ante un juez aparenta ser, no sólo injustificada, sino contraria a los principios más elementales de nuestro ordenamiento procesal penal. No obstante, el Tribunal en el día de hoy deniega la petición del acusado sin tan siquiera requerirle al Ministerio Público demostrar que existió una causa real para la demora.

Si en efecto el acusado permaneció cinco días encarcelado sin que se llevara ante un magistrado, y el Estado no justificó su proceder, somos del criterio que el Tribunal de Primera Instancia debió desestimar los cargos. Sin embargo, a pesar de las serias interrogantes que suscita

la actuación del Estado y las aparentes violaciones al debido proceso de ley del señor Guzmán Batista, era necesario, cuando menos, contar con una comparecencia del Estado y un expediente completo antes de denegar de plano el recurso del acusado. En vista de ello, expediríamos el auto de *certiorari* y paralizaríamos los procedimientos ante el foro de instancia. No obstante, y según dispone la Regla 67 de Procedimiento Criminal, *supra*, el Ministerio Público podría reiniciar el procedimiento en contra del señor Guzmán Batista mediante la presentación de las denuncias correspondientes y la celebración de una vista de causa para arresto. Véase, Pueblo v. Camacho Delgado, res. el 27 de octubre de 2008, 2008 T.S.P.R. 174.

Al denegar el recurso ante nuestra consideración, una mayoría del Tribunal se niega a examinar una aparente violación de los derechos del señor Guzmán Batista perpetrada por el Estado y con su proceder, permite que se construya un camino peligroso para la garantía de los derechos constitucionales en Puerto Rico. Por lo tanto, disentimos.

Federico Hernández Denton
Juez Presidente