Voto disidente emitido por el Juez
Presidente Señor Her-nández Denton,
al cual se unen las Juezas Asociadas Señoras Fiol Matta y Rodríguez Rodríguez.
El crimen no debe perseguirse me-diante la negación de los derechos civiles del acusado. J. Trías Monge, Cómo fue: Memorias, Río Piedras, Ed. U.P.R., 2005, pág. 275.
La decisión de una mayoría de los miembros de este *455 Tribunal, que deniega la expedición del auto solicitado en el caso de epígrafe, cuando menos resulta preocupante. Al no intervenir en este caso —sin tan siquiera requerirle al Ministerio Público expresarse— este Foro valida el curso de acción adoptado por el Estado que privó de su libertad a una persona y la mantuvo bajo custodia durante treinta días sin que se presentara denuncia alguna en su contra ni se le llevara ante un magistrado dentro del término razo-nable de tiempo que requiere nuestro ordenamiento jurídico. Por considerar que dicho proceder es contrario al derecho procesal penal y viola los derechos de un ciuda-dano, disentimos.
I
El Sr. Luis Guzmán Batista fue intervenido el 5 de abril de 2009 en conexión con unos hechos ocurridos el 4 de abril en el municipio de Villalba, donde falleció el joven Edwin Rosado Torres, hijo de un coronel de la Policía de Puerto Rico. Según surge de la declaración jurada del agente de la policía José M. García Rivas, éste fue a buscar al señor Guzmán Batista en la tarde del 5 de abril a casa de sus padres porque su nombre había surgido en la investi-gación. Luego de hacerle verbalmente las advertencias de ley correspondientes, el agente García Rivas llevó al señor Guzmán Batista a la División de Homicidios de Ponce para tomarle una declaración. Allí, el agente García Rivas le hizo las advertencias por segunda vez y el señor Guzmán Batista así lo aceptó por escrito.
Según expuso el agente, el señor Guzmán Batista narró su versión de los hechos y fue ubicado en una celda el mismo día (5 de abril). Al día siguiente fue entrevistado por un fiscal, quien nuevamente le hizo las advertencias de ley. Surge de la declaración jurada del agente García Rivas que el 10 de abril de 2009 el señor Guzmán Batista fue llevado al albergue de testigos, pues se alega que, en aquel *456 momento, se le iba ofrecer un pre acuerdo para que acce-diera a ser testigo de cargo.
Asimismo, se surge del expediente que no fue hasta el 5 de mayo de 2009, treinta días después de la intervención del agente García Rivas, que se presentaron denuncias en contra del señor Guzmán Batista por un cargo de asesinato y dos cargos de violaciones a la Ley de Armas de Puerto Rico. Celebrada la vista, la juez encontró causa probable para el arresto del señor Guzmán Batista, le fijó una fianza y señaló fecha para la vista preliminar. De las denuncias surge que el señor Guzmán Batista compareció solo a la vista, sin abogado o familiar.
Posteriormente, la defensa del imputado presentó una moción de desestimación al amparo de la Regla 64(n)(l) y (5) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Especí-ficamente, adujo que el Estado había mantenido al impu-tado en custodia por treinta días después de su arresto sin que se presentara acusación o denuncia en su contra y sin que se celebrara la vista preliminar, en violación a las mencionadas Reglas de Procedimiento Criminal.
El Tribunal de Primera Instancia denegó de plano la solicitud de desestimación según la Regla 64(n)(5), supra, pero se reservó el fallo en cuanto al señalamiento de viola-ción a la Regla 64(n)(l), supra, hasta tanto escuchara la prueba que sería desfilada en la vista preliminar. Cele-brada dicha vista, el foro de instancia encontró causa para acusar por los delitos de homicidio negligente y violaciones a la Ley de Armas de Puerto Rico. Asimismo, denegó la solicitud de desestimación al amparo de la Regla 64(n)(l), supra. Inconforme con la determinación del foro de instan-cia, el señor Guzmán Batista acudió al Tribunal de Apela-ciones, el cual denegó expedir el recurso de certiorari.
Ante tal proceder, el acusado recurre a este Tribunal y nos solicita que paralicemos los procedimientos ante el foro de instancia, revoquemos al foro apelativo intermedio y or-denemos la desestimación de los cargos en su contra. Sin *457 embargo, y a pesar de que se surge del expediente una aparente violación a los derechos constitucionales del se-ñor Guzmán Batista, una mayoría de este Foro le cierra las puertas al no expedir el recurso solicitado.
II
El expediente demuestra que transcurrieron treinta días desde el arresto sin orden del señor Guzmán Batista hasta que se presentó una denuncia en su contra y se llevó ante un magistrado para determinar causa para su arresto. Durante ese tiempo, el señor Guzmán Batista es-tuvo privado de su libertad y bajo la custodia del Estado sin que se iniciara procedimiento criminal alguno en su contra.
Es norma conocida en nuestra jurisdicción que cuando una persona es arrestada sin una orden judicial para ello deberá ser llevada sin demora innecesaria ante un magistrado. Regla 22(a) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. A esos efectos, hemos dispuesto que en Puerto Rico una dilación de más de treinta y seis horas se presume irrazonable y corresponde entonces al Ministerio Público demostrar que la demora fue justificada. Pueblo v. Aponte, 167 D.P.R. 578, 585-586 (2006).
En el caso de autos, de la declaración jurada del agente que intervino con el señor Guzmán Batista surge que éste fue arrestado en casa de sus padres el 5 de abril de 2009 en horas de la tarde. Se le leyeron las advertencias de ley en dos ocasiones ese día y, según el agente, fue ubicado en una celda. Al día siguiente se le hicieron las advertencias por tercera ocasión y un fiscal tomó su declaración. Es evi-dente, pues, que en la tarde del 5 de abril el señor Guzmán Batista ya era un sospechoso que fue arrestado y puesto bajo la custodia del Estado, por lo que debió ser llevado ante un magistrado lo antes posible, a más tardar el 7 de *458 abril, dentro de las treinta y seis horas siguientes a su arresto. No obstante, no fue hasta el 5 de mayo de 2009, pasados treinta días, que se llevó al señor Guzmán Batista ante un juez para celebrar la vista de causa probable para arresto.
La aseveración del agente García Rivas en su declara-ción jurada en cuanto al alegado traslado del señor Guz-mán Batista a un albergue de testigos el 10 de abril de 2009 no cambia la realidad del caso de autos. Aún tomando como un hecho el que se le haya trasladado al albergue para utilizarlo como un testigo, lo cierto es que el señor Guzmán Batista estuvo treinta días privado de su libertad sin justificación legal para ello.
Peor aún, durante los cinco días que transcurrieron en-tre el arresto sin orden y el supuesto traslado al albergue de testigos, el señor Guzmán Batista permaneció bajo cus-todia del Estado sin que se le llevara ante un magistrado ni se presentaran denuncias en su contra. Por supuesto, tampoco fue puesto en libertad. Es evidente que el señor Guzmán Batista había sido arrestado y puesto bajo custo-dia como sospechoso de varios delitos, pues se le hicieron las advertencias correspondientes en tres ocasiones y se le ubicó en una celda. Ante este cuadro fáctico, aún el término de cinco días es un exceso de las treinta y seis horas que se han reconocido como demora razonable para llevar a una persona arrestada ante un magistrado. Pueblo v. Aponte, supra. Por lo tanto, correspondía al Ministerio Público de-mostrar que la dilación en el proceso fue justificada.
Independientemente de los méritos del caso, lo cierto es que desde el 5 de abril de 2009 el Estado privó de su liber-tad al señor Guzmán Batista sin aparentemente seguir los procedimientos que justificaran tal actuación. La dilación en presentar las denuncias y llevarlo ante un juez apa-renta ser, no sólo injustificada, sino contraria a los princi-pios más elementales de nuestro ordenamiento procesal penal. No obstante, hoy el Tribunal deniega la petición del *459 acusado sin tan siquiera requerirle al Ministerio Público demostrar que existió una causa real para la demora.
Si en efecto el acusado permaneció cinco días encarce-lado sin que se llevara ante un magistrado, y el Estado no justificó su proceder, consideramos que el Tribunal de Pri-mera Instancia debió desestimar los cargos. Sin embargo, a pesar de las serias interrogantes que suscita la actuación del Estado y las aparentes violaciones al debido proceso de ley del señor Guzmán Batista, era necesario, cuando me-nos, contar con una comparecencia del Estado y un expe-diente completo antes de denegar de plano el recurso del acusado. Por ello, expediríamos el auto de certiorari y pa-ralizaríamos los procedimientos ante el foro de instancia. No obstante, y según dispone la Regla 67 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, el Ministerio Público podría reiniciar el procedimiento en contra del señor Guzmán Batista mediante la presentación de las denuncias correspon-dientes y la celebración de una vista de causa para arresto. Véase Pueblo v. Camacho Delgado, 175 D.P.R. 1 (2008).
Al denegar el recurso ante nuestra consideración, una mayoría del Tribunal se niega a examinar una aparente violación de los derechos del señor Guzmán Batista —per-petrada por el Estado— y con su proceder permite que se construya un camino peligroso para la garantía de los de-rechos constitucionales en Puerto Rico. Por lo tanto, disentimos.