ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| PUEBLO DE PUERTO RICO<br><br>Parte Recurrido<br><br>v.<br><br>RAMÓN ANTONIO GORI PERALTA<br><br>Parte Peticionaria | TA2025CE00145 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.:<br>K VP2025-1908 AL 1910<br><br>Sobre:<br>Art. 404 (a) Ley 4 SC (1971),<br>Art. 6.05 Ley 168 LA (2019),<br>Art. 6.22 Ley 168 LA (2019) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Salgado Schwarz y el Juez Monge Gómez.

Monge Gómez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 3 de septiembre de 2025.

Compareció ante este Tribunal la parte peticionaria, el Sr. Ramón Antonio Gori Peralta (en adelante, el "señor Gori Peralta" o Peticionario"), mediante recurso de *certiorari* presentado el 14 de julio de 2025. Nos solicitó la revocación de ciertas determinaciones de causa probable para arresto por los delitos imputados emitidas por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante "TPI"), el 14 de junio de 2025.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* ante nos.

**I.**

El 14 de junio de 2025, el Ministerio Público presentó tres (3) denuncias contra el señor Gori Peralta por presuntas infracciones al Artículo 4.04 (a) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, conocida como la "Ley de Sustancias Controladas de Puerto Rico", 24 LPRA sec. 2401 (en adelante, "Ley Núm. 4-1971"), y a los Artículos 6.22 y 6.05 de la Ley Núm. 168-2019, según enmendada, mejor conocida como la "Ley de

Armas de Puerto Rico de 2020". En detalle, las referidas denuncias, leen como sigue:

> El referido imputado Ram[ó]n Antonio Gori Peralta, allá en o para el día y hora antes mencionado, y en el estacionamiento al lado de la Farmacia Walgreens en San Juan, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de San Juan a propósito y con conocimiento, POSEIA, (1) bolsa, pl[á]stica transparente con cierre a presión conteniendo en su interior picadura de la sustancia controlada C/P MARIHUANA, sin estar autorizado en Ley para ello.
> Se le hizo prueba de campo a la sustancia controlada ocupada, en la División. De Drogas Metropolitana, y la misma fue analizada por el AGTE. JUAN CARRASQUILLO MÉNDEZ #33765, arrojando positivo a la sustancia controlada MARIHUANA.
> HECHO CONTRARIO A LA LEY.

[…]

> El referido imputado Ram[ó]n Antonio Gori Peralta, allá en o para el día y hora antes mencionado, y en el estacionamiento al lado de la Farmacia Walgreens en San Juan, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de San Juan a propósito y con conocimiento, ALMACENABA, GUARDABA, TENÍA Y/O POSEÍA, sesenta y ocho (68) municiones Calibre 9MM.
> Al momento de tener y poseer las referidas municiones lo hacía desprovisto de una licencia que para tales fines expide el Comisionado del Negociado de la Policía de Puerto Rico y el Tribunal de Primera Instancia de Puerto Rico.
> HECHO CONTRARIO A LA LEY.

[…]

> El referido imputado Ram[ó]n Antonio Gori Peralta, allá en o para el día y hora antes mencionado, y en el estacionamiento al lado de la Farmacia Walgreens en San Juan, Puerto Rico, que forma parte de la jurisdicción del Tribunal de Primera Instancia, Sala de San Juan a propósito y con conocimiento, PORTABA, CONDUCÍA Y/O TRANSPORTABA, un arma de fuego mortífera de las prohibidas por la Ley de Armas de Puerto Rico, sin tener para ello una licencia de portar y conducir dicha arma, que para tales fines expide el Comisionado del Negociado de la Policía de Puerto Rico.
> El arma en cuestión fue ocupada y la misma se describe como: PISTOLA, GLOCK, NEGRA, MODELOS 43, SERIE BEEY937, 9 MM.
> HECHO CONTRARIO A LA LEY.[1]

Ese mismo día, se celebró la vista de causa probable para arresto. Allí testificó, bajo juramento, el Agt. Xavier Santiago María. Además, se presentó como prueba: (1) el formulario de advertencia de derechos Miranda para personas sospechosas, (2) la prueba de campo realizada, (3) el inventario de propiedad ocupada, (4) la orden de registro y allanamiento,

---

[1] *Véase,* SUMAC-TPI, entrada núm. 3.

(5) el plan para efectuar arrestos, aprehensiones y allanamientos, y (6) el inventario del vehículo. Luego de escuchar y analizar la prueba presentada, el Tribunal halló causa para arresto contra el Peticionario.

Inconforme con lo anteriormente resuelto, el señor Gori Peralta acudió ante este Tribunal mediante el recurso de epígrafe, en el que señaló la comisión del siguiente error:

> **COMETIÓ GRAVE ERROR DE DERECHO EL HONORABLE TRIBUNAL DE INSTANCIA, Y/O ABUSÓ DE SU DISCRECIÓN AL EFECTUAR UNA DETERMINACIÓN POSITIVA DE CAUSA PROBABLE PARA ARRESTO, A PESAR DE QUE EL MINISTERIO PÚBLICO EXCEDIÓ EL TÉRMINO DE 36 HORAS CONSTITUCIONALMENTE RECONOCIDO PARA QUE EL PETICIONARIO FUERA CONDUCIDO ANTE LA PRESENCIA DE UN MAGISTRADO SIN DILACIÓN INNECESARIA LUEGO DE SU ARRESTO, TODO ELLO EN ABIERTA CONTRAVENCIÓN A LAS DISPOSICIONES DE LA REGLA 22(A) DE PROCEDIMIENTO CRIMINAL Y SU JURISPRUDENCIA INTERPRETATIVA, LUEGO DE QUE EL ESTADO INCUMPLIERA CON SU DEBER MINISTERIAL DE DEMOSTRAR QUE EXISTIÓ UNA EMERGENCIA BONA FIDE O ALGUNA CIRCUNSTANCIA EXCEPCIONAL QUE JUSTIFICARA UNA DILACIÓN MAYOR Y DERROTAR ASÍ LA PRESUNCIÓN DE FALTA DE JUSTIFICACIÓN ADECUADA QUE OPERABA EN SU CONTRA. TODO ELLO EN ABIERTA VIOLACIÓN AL DERECHO CONSTITUCIONAL A LA LIBERTAD Y AL DEBIDO PROCESO DE LEY DEL PETICIONARIO.**

El 2 de septiembre de 2025, compareció el Estado mediante "**Escrito en Cumplimiento de Orden**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

## A.

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento

del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; BPPR v. SLG Gómez-López, 213 DPR 314, 337 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la referida Regla establece los siguientes criterios a evaluar:

> A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
> C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

La Sección 7 del Artículo II de la Constitución de Puerto Rico le asegura a todo ciudadano que no será privado de su propiedad o libertad, sin un debido proceso de ley. 1 LPRA Art. II, Sec. 7. Esta garantía proviene de las Enmiendas V y XIV de la Constitución de los Estados Unidos de América. La cláusula del debido proceso de ley en la jurisdicción federal tiene como fin ulterior evitar que el Gobierno utilice sus poderes como un instrumento de subyugación. Davidson v. Cannon, 474 US 344, 348 (1986). También se implantó para impedir que dichas facultades sean manejadas de manera arbitraria e irrazonable. Daniels v. Williams, 474 US 327, 331 (1986). Existen dos dimensiones de este principio cardinal: (1) la procesal y (2) la sustantiva. Rodríguez Rodríguez v. E.L.A., 130 DPR 562, 575 (1992).

Tanto en la jurisdicción local como en la federal, la vertiente sustantiva del debido proceso de ley se enfoca en proteger los derechos fundamentales de los individuos. *Véase*, Marina Ind., Inc. v. Brown Boveri Corp., 114 DPR 64, 81 (1983). Apoyado en lo anterior, se ha recalcado que el Estado no puede interferir con los intereses propietarios y libertarios de un individuo de manera irracional, injustificada o caprichosa. En su aspecto procesal, esta disposición le atribuye el deber al Estado de garantizarle a toda persona que en aquellas instancias en las que se pretenda intervenir con la libertad o propiedad de esta última, el proceso sea uno justo, equitativo e imparcial. López Vives v. Policía de Puerto Rico, 118 DPR 219, 231 (1987).

Para que surta efecto la protección que brinda este derecho constitucional en su ámbito procesal, tiene que estar en peligro un interés individual ya sea libertario o propietario. "Una vez cumplido este requisito, corresponde determinar cuál es el procedimiento exigido (what process is due)". Rodríguez Rodríguez v. E.L.A., *supra*, pág. 578. Dependiendo del contexto, "diversas situaciones pueden requerir diferentes tipos de procedimientos, pero siempre persiste el requisito general de que el proceso gubernamental sea justo e imparcial". Íd.

En armonía con lo anterior, en <u>Mathews v. Eldridge</u>, 424 US 319 (1976), el Tribunal Supremo de los Estados Unidos estableció los criterios que deben ser examinados a la hora de determinar el procedimiento adecuado para privarle a una persona de algún derecho de propiedad o libertad. Éstos son los siguientes: "(1) los intereses individuales afectados por la acción del gobierno; (2) el riesgo de una determinación errada que prive al individuo del interés protegido mediante el proceso utilizado y el valor probable de garantías adicionales o diferentes, y, (3) el interés gubernamental protegido con la acción sumaria y la viabilidad de usar métodos alternos". <u>Rivera Rodríguez & Co. v. Lee Stowell, etc.</u>, 133 DPR 881, 888 (1993).

## C.

La Regla 6 de Procedimiento Criminal dispone el mecanismo mediante el cual se determina la existencia de causa probable para ordenar el arresto de una persona imputada de delito. 34 LPRA Ap. II, R.6. Conforme a dicha Regla, cuando de una denuncia jurada, de las declaraciones juradas que la acompañen o del testimonio bajo juramento del querellante o sus testigos, surja evidencia suficiente para sostener que una persona ha cometido un delito, el magistrado tiene el deber de expedir la correspondiente orden de arresto. <u>Íd</u>.

En el marco constitucional, la existencia de causa probable constituye un requisito esencial para justificar la detención de una persona antes de que sea hallada culpable. E.L. Chiesa Aponte, <u>Procedimiento Criminal y la Constitución: Etapa Investigativa</u>, 1a ed. Ediciones SITUM, Inc., 2017, pag. 334. Según la Cuarta Enmienda de la Constitución de los Estados Unidos, si una persona ha de ser privada de su libertad, es indispensable la expedición previa de una orden judicial. <u>Íd</u>. En los casos en que se lleve a cabo un arresto sin dicha orden, la mencionada Enmienda exige una pronta determinación judicial de causa probable que legitime la continuación de la detención. <u>Íd</u>.

En concordancia con esta garantía constitucional, la Regla 22 (a) de Procedimiento Criminal dispone que, tras realizar un arresto, el agente del orden público tiene la obligación de presentar al detenido ante el magistrado sin dilación injustificada. En detalle, la referida Regla lee como sigue:

> Un funcionario del orden público que hiciere un arresto autorizado por una orden de arresto deberá llevar a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano. **Cualquier persona que hiciere un arresto sin orden de arresto deberá llevar a la persona arrestada sin demora innecesaria ante el magistrado disponible más cercano**, y si la persona que hiciere el arresto sin orden de arresto fuere una persona particular, podrá entregar a la persona arrestada a cualquier funcionario del orden público, quien a su vez deberá llevar a la persona arrestada sin demora innecesaria ante un magistrado, según se dispone en esta regla. Cuando se arrestare a una persona sin que se hubiere expedido orden de arresto y se le llevare ante un magistrado, se seguirá el procedimiento que disponen las Reglas 6 y 7, según corresponda. 34 LPRA Ap. II, R. 22 (énfasis suplido).

El máximo foro judicial de los Estados Unidos, en Gerstein v. Pugh, resolvió que una detención sin orden judicial solo es válida por un periodo limitado, pues la Cuarta Enmienda requiere que se determine con prontitud la existencia de causa probable para validar la continuación de la detención. Gerstein v. Pugh, 420 US 103, 126 (1975). Además, dicho foro indicó que, aun cuando el arresto se haya efectuado con causa probable, este solo puede justificarse durante el tiempo estrictamente necesario para completar el trámite administrativo inherente a un arresto. Íd.

En línea con lo anterior, en County of Riverside v. McLaughlin, el Tribunal Supremo federal precisó que el requisito de prontitud en la determinación judicial de causa probable no implica necesariamente que dicha evaluación debe ocurrir de forma inmediata. County of Riverside v. McLaughlin, 500 US 44, 53-54 (1991); Chiesa Aponte, op. cit., pág. 336. En cambio, concluyó que, si una jurisdicción provee la determinación de causa probable dentro de un plazo de 48 horas a partir del arresto, en términos generales, se considera que ha cumplido con el estándar de celeridad exigido en Gerstein v. Pugh, *supra*, pág. 56. No obstante, el Tribunal advirtió que existen situaciones en las que, incluso, ese periodo puede resultar excesivo y por consiguiente, inconstitucional. Íd; Chiesa Aponte, op. cit., pág. 336.

De manera consistente con el precedente federal, en <u>Pueblo v. Aponte</u>, el Tribunal Supremo de Puerto Rico determinó que, salvo en situaciones extraordinarias, una persona arrestada sin orden judicial debe ser llevada ante la presencia de un magistrado dentro de un término máximo de 36 horas desde el momento en que fue detenida. <u>Pueblo v. Aponte</u>, 167 DPR 578, 586 (2006). Dicho de otro modo, "el arrestado debe comparecer ante un tribunal inmediatamente luego de ser completados los trámites administrativos incidentales al arresto". <u>Íd</u>. En el referido caso, nuestro máximo foro judicial aclaró que, en ausencia de circunstancias extraordinarias, dicho procedimiento administrativo no debería requerir del Estado más de 36 horas para su ejecución. <u>Íd</u>.

Cualquier dilación que supere el referido límite, se considera, en principio, irrazonable, correspondiéndole al Ministerio Público, controvertir dicha presunción. <u>Íd</u>. En dicho caso, la carga pasa al Estado para demostrar la exigencia de una emergencia *bona fide* u otra circunstancia extraordinaria que justifique tal demora. Chiesa Aponte, <u>op. cit.</u>, pág. 336.

**III.**

En el presente caso, el señor Gori Peralta nos solicitó la revocación de las determinaciones de causa para arresto emitidas en su contra por los delitos de posesión de sustancias controladas, portación, transportación o uso de arma de fuego sin licencia y fabricación, distribución, posesión y uso de municiones.

Como único señalamiento de error, el Peticionario plantea que el TPI abusó de su discreción al determinar causa probable para arresto en su contra, a pesar de que el Ministerio Público excedió el término de 36 horas constitucionalmente reconocido para que fuera conducido ante la presencia de un magistrado.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que de la transcripción de la prueba oral que obra en autos, encontramos que el foro a *quo* no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho.

Tampoco la Peticionaria demostró que el TPI actuó con perjuicio o cometiera un error manifiesto en su determinación.

Ello cobra particular vigencia en el caso de autos, dado que, conforme a lo resuelto en Pueblo v. Aponte, *supra*, si bien una demora mayor de 36 horas se presume irrazonable, dicha presunción puede ser rebatida si el Estado demuestra la existencia de circunstancias justificables y objetivamente razonables. En el presente caso, la demora fue mínima y la evidencia reflejó que el Peticionario se hallaba en las instalaciones del Tribunal dentro del término de 36 horas, en condiciones de ser presentado ante la presencia de un magistrado sin ulterior dilación.[2] Además, la prueba estableció que el Peticionario fue llevado ante la presencia del magistrado luego de que se completaron los trámites administrativos necesarios pasadas solo 2 horas y 16 minutos desde que vencieron las 36 horas desde su arresto. Por tanto, no procede arribar a la conclusión de que se vulneraron los derechos del señor Gori Peralta ni que el foro recurrido incurriera en abuso de discreción.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con las determinaciones de causa para arresto contra el Peticionario y tampoco hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *denegamos* la expedición del auto de *certiorari* presentado ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] *Véase*, Transcripción de la Prueba Oral, pág. 8.